**BARD et al. v. KAPP et al. (No. 8176.)**

Court of Civil Appeals of Texas. San Antonio. March 13, 1929.

Rehearing Denied April 10, 1929.

Thomson, Dilworth & Marshall, of San Antonio, for appellants.

Boyle, Wheeler & Gresham, of San Antonio, for appellees.

FLY, C. J. This is an appeal from an order granting a writ of mandamus compelling Bard, as president, and Soule, as secretary, of the Aleograph Company, to call a meeting "for the purpose of electing a board of seven directors of said corporation to serve for one year and for the purpose of transacting such other business as may properly come before the regular annual meeting of the stockholders of said corporation"; the judgment fixing the date for such meeting on December 21, 1928.

Appellees alleged that the by-laws of the corporation provide that all meetings shall be held at the office of the company in the city of San Antonio, and provide that the annual meeting shall be held on the first Monday in September when there shall be elected by a plurality vote by ballot a board of seven directors to serve for one year and until their successors are elected and qualify; that the meeting provided for on the first Monday in September, 1928, was never held or called, no meeting of stockholders having been held since 1927. It was further alleged that appellees had requested the president to call a meeting, which he had failed and refused to do, and appellees prayed that he be compelled to call a meeting for the election of seven directors and other necessary purposes, and Soule, secretary, be compelled to issue a notice to each stockholder of the time and place of such meeting, setting forth the objects of such meeting. The court issued notices to Bard and Soule to appear before him on December 4, 1928, to show cause why the writs of mandamus as prayed for should not be issued.

Appellants answered by a plea in abatement based on a failure to make the corporation a party, which, together with exceptions to the pleadings of appellees, was overruled by the court. They also answered that appellees are stockholders in the corporation; that they hold the positions alleged; that the by-laws provide that the annual meetings shall be held on the first day of September, and provide for the election of seven directors at the annual meeting; and that such annual meeting was not held in 1928. It was further alleged that, in case no annual meeting shall be held as demanded by the by-laws, no provision is made for the president of the corporation to call a meeting at some subsequent date, but to provide for the calling of meetings when stockholders owning over one-half of the stock demand such call.

All the facts as to the time and place of holding the annual meetings at which time and place seven directors shall be elected, and it being admitted that no election was held in 1928, the only question is as to whether a court can by mandamus compel the officers to call a meeting for the election of directors. It is well settled that courts have the power and authority to compel officers of a corporation to call meetings for election of directors. If no such powers were granted courts, a board of directors, by ignoring the demands of the by-laws for stated elections, could perpetuate themselves in office and rob stockholders of all voice in the affairs of the corporation. Cook on Corporations, § 593, p. 1744, 1745, and footnotes. In one of the footnotes it is stated, as taken from Sylvania R. R. Co. v. Hoge, 129 Ga. 734, 59 S. E. 806: "Where an election has not been held at the proper time, as required by statute, a stockholder may by mandamus compel the directors to call a meeting for that purpose, a request to that effect having been first made to the board of directors." It is provided in Article 1324, Revised Statutes: "Should an election for directors not be held on the day appointed by the by-laws of any corporation organized under any law of this State, such corporation shall not, for that reason, be deemed to be dissolved. It shall be lawful on any other day to hold a meeting and elect its directors or trustees. * * *" The by-laws require a meeting annually at a certain time and place, and it is a regular meeting as contradistinguished from special meetings which might be called by the president. A duty is imposed upon the secretary to mail to each stockholder a notice of the annual meeting. The person primarily authorized to call meetings is the president, and, such being the case, when he permits

the annual election day to pass without having the secretary notify the stockholders, he may be required to call a meeting in which to hold an election. He did not seek in any manner to excuse his failure to hold the election, and he will not be permitted to perpetuate his and the board of directors' control of the corporate affairs, by simply ignoring the duty imposed upon him of preparing for the election by requiring the secretary to mail the legal notices. The president alone is given the authority to call meetings, and he may do this at any time, or "shall" do it when requested by directors or stockholders. He has been authorized to call meetings at other times, and no one else is authorized, and certainly when he and the secretary, it may be presumed, designedly failed and refused to call the meeting on the date fixed by the charter, a court can compel them to perform their duty at another time. To deny this remedy would be to ignore the rights of stockholders, and extend a license to the president and secretary to destroy the by-laws of the corporation. While the by-laws do not directly connect the president with calling the annual election, and there arise doubts as to issuing a mandamus to him to call a meeting for an election, there can be no doubt, as we will seek to show, as to issuing a mandamus to the secretary to issue notices to the stockholders of another day for the election.

The by-laws provide: "The annual meeting of the stockholders shall be held on the first day of September at 3 o'clock in the afternoon, in each year, beginning in the year 1923. if not a legal holiday, and if a legal holiday, then on the day following, when they shall elect, by a plurality vote by ballot, a board of seven directors to serve for one year, and until their successors are elected or chosen and qualified, each stockholder being entitled to one vote for each share of stock standing registered in his or her name on the twentieth day preceding the election, exclusive of the day of such election. Notice of the annual meeting shall be mailed by the secretary to each stockholder at his or her last known postoffice address, at least ten days prior to the meeting." The by-law fixes the time for holding the meeting to elect directors, and makes it mandatory upon the part of the secretary to send notices to the stockholders. He failed or refused to perform that clear duty, but he cannot by his action destroy the corporation and continue himself and other officers in authority over the time for which he and they were elected, for the statute provides that it shall be lawful on any other day to hold the meeting to elect the directors or trustees. It may be that the by-law does not contemplate that the president shall have any duty or authority in connection with fixing another date for an elec-

tion, when the secretary has, through carelessness or design, failed or refused to send out the notices at the time named in the by-laws, but certainly some one has the authority to remedy the wrong committed against the stockholders, and the law would no doubt impose that duty on the officer who made it necessary to send out the notices. If, as authorized by statute, an election can be held at another date than that named in the by-laws, then the same duty would rest upon the secretary, as in the first instance, to send out the proper notices for another day, and a district court would be empowered to compel him to perform the duty which he alone can perform. Any day, except a holiday, fixed by him with reference to, and in contemplation of, the 10 days' notice to stockholders required by the by-law, would have been legal and proper, had the secretary desired to remedy his oversight or designed purpose. The secretary's failure to give the necessary notices defeated the design of the by-law to have an election, and he should be compelled to remedy the wrong.

Whether one or both of the officers should be compelled to name a day for an election would be of no great importance; the end to be accomplished being to extend to the stockholders the right to choose the directors of the corporation. If either of the officers, who are appellants, could be compelled by mandamus to call or issue notices for another election day, there would be no cause for complaint, if both are commanded to call the election.

Under a statute similar to the Texas statute herein copied, the New Cork Court of Appeals held that the officers could be compelled by mandamus to hold an election when carelessly or by design the officers had not provided. for the election on the day named in the by-laws. It was said by the court: "If trustees could keep themselves in office by not having an annual election, the stockholders would be powerless and they might perpetuate themselves in power as long as they chose. Such a course would also be in direct opposition to the mandatory provision requiring that trustees to be annually elected shall manage the affairs of the company." People v. Cummings, 72 N. Y. 433.

■■ The corporation was not a necessary party to the suit. 18 R. C. L. §§ 281, 332. If the case was a civil suit under the contemplation of law, and appellant was entitled to citation, as in any other civil case, still appellants appeared on appearance day, filed an answer on the merits, and thereby waived all right to citation. This is statutory. "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Rev. Stats. art. 2047.

■ We are of opinion that the pleadings of appellees alleged every fact necessary

to be proved to obtain for them the issuance of writs of mandamus and fully meet the demands of the decisions in American Book Co. v. Marrs, 113 Tex. 291, 253 S. W. 817, Anderson v. Polk (Tex. Sup.) 297 S. W. 219.

The judgment will be affirmed.