Virgilio H. **GUERRA** et al., Relators,

v.

C. Woodrow **LAUGHLIN**, District Judge et al., Respondents.

No. 14106.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 15, 1962.

Hill, King & McKeithan, Mission, for appellants.

A. J. Vale, Glenn H. Ramey, Rio Grande City, Stafford, Atlas, Schwarz & Gurwitz, McAllen, for appellees.

PER CURIAM.

On November 9, 1962, we granted Relators leave to file a Petition for Writ of Prohibition, and in the alternative for appropriate injunctive relief.

This petition was by Virgilio H. Guerra, Lucio Gonzalez, Alonzo Alvarez and Erasmo Z. Perez, as relators, against Hon. C. Woodrow Laughlin, Judge of the 79th District Court of Starr County, Texas, Mario Ramirez, Cesar Salinas, Mrs. Maxine C. Guerra, joined pro forma by her husband, R. R. Guerra, and R. T. Gonzalez, as respondents, seeking a writ of prohibition and, in the alternative, appropriate injunctive relief to prohibit and restrain the respond-

ents from carrying into effect the judgment of the District Court of Starr County, rendered on the 8th day of November, 1962, in Cause No. 3238 on the docket of the District Court of Starr County, styled Mario E. Ramirez et al. v. Virgilio H. Guerra et al. This cause was a statutory election contest for four trusteeships of the Roma Independent School District, between the relators as contestees, and the respondents, other than Judge Laughlin, as contestants. The effect of the judgment was to declare contestants elected to such trusteeships, and providing further, as follows: "that they shall have their writ of possession and writ of ouster directed to the sheriff or any other law enforcement officer of the State of Texas, commanding that said contestants be placed in full possession of said four trustee offices, and that said writ be issued forthwith upon signing of this judgment, and that said contestants be placed in immediate possession of said four trustee offices, and that the President of the Board of Trustees of the Roma Independent School District be and he is hereby ordered to issue a certificate of election to each contestant, Mario E. Ramirez, Cesar Salinas, Mrs. Maxine C. Guerra and R. T. Conzalez immediately, and that each of same immediately be placed in possession of said trustee offices which were the subject of the Roma School District election of April 1, 1961."

This cause No. 3238 was first tried in the District Court of Starr County, but its judgment was reversed by this Court and the cause remanded on September 27, 1961. Our opinion is in 351 S.W.2d 272. Shortly after this suit was filed the contestees filed a petition against Marin Garcia, District Clerk of Starr County, seeking to require him to fix the amount of bond provided for in Art. 9.09, Texas Election Code, Vernon's Ann.St. This Court held that the provisions of Art. 9.09, supra, do not apply to an election contest for a school trusteeship. See: Gonzalez v. Garcia, Tex.Civ. App., 352 S.W.2d 913.

The contestees herein were declared elected by the Board of Trustees of the Roma Independent School District and took the oath of office as trustees and have been serving as such ever since, up to and including the present time.

Relators contend that the judgment rendered on November 8, 1962, herein, insofar as it ousts them from office forthwith, is totally void, for the following reasons: "(1) it grants a type of relief not authorized in statutory election contests, (2) it denies to respondents their valuable right to undisturbed tenure in such offices at least until the judgment becomes final on appeal, and (3) it removes respondents from office in an illegal manner, and without grounds.

■ Based upon the limited record before us, we overrule these contentions. The trial court, after a full hearing, has decreed that relators were not elected in the election held on April 1, 1961, and that the respondents, the contestants, were elected. It is the duty of the trial court to carry this judgment into immediate effect unless such judgment is superseded. Relators have not applied to the District Judge seeking to have the amount of a supersedeas bond set under the provisions of Rule 364(e), Texas Rules of Civil Procedure.

■ Arts. 9.09 and 9.10, Texas Election Code, do not apply in contests of school trustees elections, but if they did apply they make no provision for a supersedeas bond, they merely determine whether the contestant or contestee will be permitted to occupy the office pending the contest in the trial court. The matter of superseding the judgment of the trial court is a different matter.

■ In its judgment, the trial court provided, among other things, as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this cause be, and it is hereby, kept

open on the docket of this Court for the enforcement of this judgment and until contestants shall be in full and unhindered possession and control of said four trustee offices."

This provision does not prevent the judgment from being a final judgment. Rule 369, T.R.C.P., provides that a cause is to be kept on the docket pending appeal and the trial court has authority to carry his judgment into effect after it has become final by appropriate writ, unless it is superseded during appeal.

If relators desire to suspend the execution of the judgment of the trial court rendered herein pending appeal, they should give a supersedeas bond, as is provided in Rule 364(e), T.R.C.P. Valerio v. Laughlin, Tex.Civ.App., 307 S.W.2d 352.

The relief prayed for by relators will be denied and all costs of this proceeding taxed against relators.