James BAGLEY et al., Relators,

v.

The Hon. Looney E. LINDSEY et al., Respondents.

No. 7867.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 31, 1967.

Joe. J. Taylor, Jr., Wm. Martin, III, Longview, for relators.

Welby K. Parrish, Gilmer, for respondents.

PER CURIAM.

Relators James Bagley, J. W. Rash, G. W. Harbour, and W. L. Nixon have filed a sworn petition in an original mandamus proceeding in this Court praying for a writ of mandamus requiring the Hon. Looney E. Lindsey, Judge of the 115th Judicial District Court of Upshur County, to set the amount of a supersedeas bond in Cause No. 13,630 on the docket of that court,

styled Bagley et al. v. Holt, wherein judgment was rendered on August 1, 1967.

The relators' petition alleges that it was adjudicated in the mentioned action that, "the proposition for consolidation had carried by a majority of legally qualified and registered votors of the East Mountain Independent School District No. 907" in an election held to determine whether or not the East Mountain District and Gilmer Independent School District would consolidate. Further, the petition alleged, such judgment noted that the relators as contestants therein had given notice of appeal to this court and that following entry of the judgment the relators requested the trial court to set the amount of a supersedeas bond so the relators might file a bond to supersede the judgment. No copy of the request has been made a part of the record in this court, but the petition alleges that such request was heard and refused on August 10, 1967.

The general authority for suspending the execution of a court's judgment by supersedeas bond is contained in Texas Rules of Civil Procedure 364. The language of the rule is broad enough to permit it to be said by a well respected authority that, "supersedeas may issue as a matter of right pending the appeal of civil matters", except in those instances otherwise specifically excepted by the rule or by statute. Espinosa v. Price, 144 Tex. 121, 188 S.W.2d 576, 160 A.L.R. 284 (1945); 53 Tex.Jur.2d Supersedeas § 2. No contention is made in this case that the judgment herein can not be superseded because it is excepted from the general rule by a provision of either the rule or a statute. Affirmatively stated, the judgment under consideration appears to be governed by both subdivisions (e) and (g) of Rule 364. Both subdivisions provide that the amount of the supersedeas bond be set in the trial court. The trial court judge's discretion is limited by the language in both subdivisions solely to a determination of the amount of bond; the judge is not authorized or called upon by either subdivision to grant or deny supersedeas.

The respondents candidly concede that the relators are entitled by Rule 364 to file a supersedeas bond in an amount fixed by the judge of the trial court, but asserted that a mandamus action is not available to them to compel the trial court judge to fix the amount of the bond because the mandamus writ, if issued, would be ineffectual; that the writ would compel the doing of a useless and idle act. This argument looks beyond the valid operation of the writ. In Renger v. Jeffrey, 143 Tex. 73, 182 S.W.2d 701, (Tex.Comm'n App.1944, opinion adopted) it is said: "The rules of civil procedure relating to supersedeas bonds * * * prescribe a method of suspending the execution of a judgment before it becomes final and while an appeal is pending." The effect of filing a proper supersedeas bond, as stated in Tex.R.Civ.P. 368 is that " * * * execution of the judgment, or so much thereof as has been superseded, shall be stayed."

No reason has been suggested to this court by the respondents nor is a reason perceived why a writ of mandamus would not be effectual to cause the trial judge to fix the amount of the supersedeas bond. The cases respondents rely on present situations in which the issuance of a writ of mandamus would be ineffectual to accomplish the object in view. The object in view in this instance, the only valid objective of the mandamus writ, is to require the trial court judge to fix the amount of a supersedeas bond. The thrust of the argument of the respondents, as well as of the relators, is not directed to the effectuality of the mandamus writ, but concerns itself principally with the effect of supersedeas on the relative positions of the parties, their relationships and rights, should the trial court judgment be superseded. An expression upon these problems has no place in this proceeding. The sole question before this court is whether or not the relators have a right to require the trial

court judge to fix the amount of the supersedeas bond. The relators have such right.

To the argument of the respondents that superseding the judgment will avail the relators nothing and is an act without meaning and utterly useless, it may be suggested that superseding the judgment would hold in abeyance the right and means of the contestees in the election suit to collect costs of court from the contestants, if nothing more. On the other hand the relators' preoccupation with and argument repecting the nature and extent of the status quo a supersedeas bond would preserve in the election contest is not before this court in this proceeding and of course is not determined by the judgment herein.

 Having full confidence that the judge of the trial court will act in harmony with the views of the law expressed herein, the formal writ of mandamus will not issue out of this court at this time. To expedite a review of this court's action by the Supreme Court, a motion for new trial will not be entertained and the parties will be allowed until the 12th day of September, 1967, to apply to the Supreme Court for relief; but should a petition not be presented to the Supreme Court on or before that date, or should the Supreme Court refuse it or decline to take action on or before such date, the trial court will proceed without unnecessary delay to fix the amount of the supersedeas bond, and may, if the court should ascertain from the parties that no petition will be presented to the Supreme Court, fix the amount at an earlier day.

This court suggested to the parties during oral argument that doubt as to its jurisdiction had arisen. Such doubt no longer exists, the court is satisfied that it has jurisdiction. See Hidalgo County Drainage Dist. No. 1 v. Magnolia Petroleum Company, 47 S.W.2d 875 (Tex. Civ.App.1932, error ref'd); Bard v. Kapp, 15 S.W.2d 719 (Tex.Civ.App.1929, error ref'd); and 37 Tex.Jur.2d. Mandamus §

83. Without going into detail it is sufficient to say that the record deposited in this court contains a petition for mandamus, that counsel for all parties appeared and argued the case, and submitted the issues raised to decision by this court, without objection on any ground. Such action constituted a waiver of any objection to a determination of the merits of the case.

DAVIS, J., disqualified and did not participate in the proceeding.