**KOSCOT INTERPLANETARY, INC.,**
Relator,

v.

**The Honorable Thomas D. BLACKWELL et al., Respondents.**

No. 11730.

Court of Civil Appeals of Texas.

Austin.

Oct. 15, 1969.

Mitchell, Gilbert & McLean, Arthur Mitchell, Phillip W. Gilbert, Austin, for relator.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Hawthorne Phillips, Exec. Asst. Atty. Gen., Sam Kelley, Asst. Atty. Gen., Austin, for respondents.

O'QUINN, Justice.

After ruling that certain marketing plans used by Koscot Interplanetary, Inc., constituted the sale and offering for sale of securities, requiring registration with the State Securities Board of Texas, the district court entered a final cease and desist order prohibiting further sales pending registration of the plans as securities. Koscot gave notice of appeal from this judgment.

The question presently before this Court is whether mandamus should issue to require the district court to fix an amount of a supersedeas bond pending final determination of the cause on appeal. The trial court, on September 11, 1969, on application of Koscot and after notice and hearing, refused to set an amount of the bond or to grant a supersedeas bond in the cause.

This action by the trial court was error and we will direct respondent, Honorable Thomas D. Blackwell, Judge of the 167th District Court of Travis County, to set the amount of a supersedeas bond in Cause No. 174, 245, styled Koscot Interplanetary, Inc. v. William M. King, Securities Commissioner of the State of Texas, in the 53rd District Court of Travis County.

The Securities Act of 1957 provides that, "From the decision of the District Court an appeal may be taken to the Court of Civil Appeals by either party as in other civil cases, and no bond shall be required by the Commissioner." (Art. 581–27, Vernon's Ann.Civ.St., Acts 1957, 55th Leg., p. 575, ch. 269, sec. 27).

An appellant desiring to suspend execution of a judgment in other civil cases may do so by giving bond under provisions of Rule 364, Texas Rules of Civil Procedure. The Rule states that:

"Where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal." Rule 364(e).

When judgment favors the State, or a State agency, the Rule provides that:

"Where the judgment is in favor of the State, a municipality, a State agency, or a subdivision of the State in its governmental capacity, and is such that the judgment holder has no pecuniary interest in it and no monetary damages can be shown, the bond shall be allowed and its amount fixed within the discretion of the trial court, and the liability of the appellant on the bond shall be for its face amount if the appeal is not prosecuted with effect. The discretion of the trial court in fixing the amount of the bond shall be subject to review. * * *" Rule 364(g).

Subdivisions (e) and (g) of Rule 364 declare that the amount of the superse-

deas bond will be set by the trial court. Discretion of the trial judge is limited to fixing the amount of the bond, and the Rule does not authorize the court to extend his discretion to decide whether the bond will be allowed or refused. In a proper case, as in this cause, supersedeas will issue as a matter of right pending appeal, there being no exception provided by rule or statute providing otherwise. Bagley v. Lindsey, 417 S.W.2d 880, Tex.Civ.App., Texarkana, (1967), leave to file petition denied by Supreme Court.

This Court confidently expects that the trial judge will act promptly in harmony with directions of this Court and fix the amount of the supersedeas bond, and for that reason formal writ of mandamus will not issue at this time. To expedite review of this Court's action, if review is sought, motion for rehearing will not be entertained.

Motion for mandamus granted.