**Eristus SAMS, Relator,**

**v.**

**Hon. Ernest A. COKER, Sr., Judge, Ninth District Court, Waller County, Respondent.**

**No. 16421.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 22, 1974.

No attorneys appeared.

COLEMAN, Chief Justice.

This is an original action for mandamus seeking to require the Honorable Ernest A. Coker, Sr. to fix the amount of a supersedeas bond in connection with an appeal from an order entered by said court sustaining an election contest. Mandamus granted.

On April 6, 1974 an election was held for the office of mayor of the City of Prairie View, Waller County, Texas, at which Eristus Sams and Donald Sowell were candidates. On the 25th day of April, 1974 an action was filed under Article 9.01 of the

Election Code of Texas, V.A.T.S., in the District Court of Waller County, Texas for the purpose of contesting the announced election result. On that date the trial court entered an order restraining the City Council of the City of Prairie View from canvassing or certifying the election of Eristus Sams as the mayor of Prairie View; ordering that all ballots and/or returns and other items used in said election to be returned immediately to the Sheriff of Waller County, Texas for safekeeping; setting a date for canvassing the election under the direction of the court; and temporarily enjoining the Prairie View City Council from proceeding to canvass and/or certify the defendant, Eristus Sams, as the winner of the election.

On the 12th day of July, 1974 the case came on for trial on its merits. At the conclusion of the trial the court, being of the opinion that a number of irregularities occurred during the conduct of the election, which could have affected its result, entered a judgment declaring the election held on April 6, 1974 null and void; ordering a new election for the 17th day of August, 1974; and making certain provisions for the calling and conduct of said election. This judgment was signed and entered on July 26, 1974.

Notice of appeal was given by letter filed in the office of the District Clerk of Waller County, Texas on the 30th day of July, 1974. On the same date a motion was filed with the Clerk of the District Court of Waller County, Texas requesting the trial court to fix the amount of a supersedeas bond. Within a few days the motion was brought to the attention of the trial court by the Clerk. No action was taken on this motion by the trial court for the reason that he considered it necessary for the Relator's attorney to personally present the motion. On August 15, 1974 Relator's attorney presented the motion to the trial court at which time the court refused to fix the amount of the supersedeas bond for the reason that the request was not timely in light of the proximity of the election.

■ ■ Rule 364 of the Texas Rules of Civil Procedure provides that the execution of a judgment may be suspended by giving a good and sufficient bond approved by the Clerk payable to the appellee in a sum at least the amount of the judgment, interest and costs. Section (e) of said Rule provides that where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal. The rule does not allow the court to determine whether the bond will be allowed or refused; his discretion is limited to fixing the amount of the bond. Supersedeas will issue as a matter of right pending appeal of civil matters unless specifically excepted by rule or statute. Koscot Interplanetary, Inc. v. Blackwell, 446 S.W.2d 364 (Tex.Civ.App.—Austin 1969).

■ ■ The execution of a judgment rendered in an election contest may be suspended by the filing of a supersedeas bond. Bagley v. Lindsey, 417 S.W.2d 880 (Tex.Civ.App.—Texarkana 1967, mandamus overruled); Guerra v. Laughlin, 362 S.W.2d 208 (Tex.Civ.App.—San Antonio 1972, no writ); Valerio v. Laughlin, 307 S.W.2d 352 (Tex.Civ.App.—San Antonio 1957, no writ). Since a formal motion that the trial court fix the amount of the supersedeas bond was timely filed, and the motion was brought to the attention of the trial court at a time when it properly could be filed, mandamus must issue.

This court confidently expects that the trial judge will act promptly as directed by this court and fix the amount of the supersedeas bond, and for that reason formal writ of mandamus will not issue at this time. Since the election ordered by the judgment to be superseded is at hand, and to expedite review of this court's action, if review is sought, motion for rehearing will not be entertained.

Petition for writ of mandamus granted.