The CITY OF SAN ANTONIO et al., Appellants,

v.

Michiko F. CLARK et al., Appellees.

No. 15878.

Court of Civil Appeals of Texas, San Antonio.

May 31, 1977.

Nelson A. Clare, San Antonio, for appellants.

Brock Huffman, San Antonio, for appellees.

CADENA, Justice.

Appellant, City of San Antonio, has filed its motion seeking a stay of enforcement of a temporary injunction issued by a district court of Bexar County restraining City and its officers, including Chief of Police, Emil Peters, from enforcing certain provisions of City's ordinance licensing and regulating the operation of massage parlors. Appellees, Michiko F. Clark, Barbara A. Miller, and Cindy Lee Anderson, plaintiffs below, filed this suit for injunction after they had been denied licenses to administer massages because of their failure to meet the educational requirements imposed by the ordinance.

The order granting the temporary injunction was entered May 13, 1977. On May 16, 1977, City filed its notice of appeal and on that same day filed the record in this Court.

On May 25, 1977, appellees filed, in the court below, their motion to have City adjudged in contempt because of the refusal of City's agents, charged with enforcement of the ordinance regulating massage parlors, to issue appellees a license. According to the motion for contempt, appellees were denied a license because of their failure to meet the educational requirements of the ordinance.

The district court set the motion for contempt for hearing on May 31, 1977.

■ Article 1174, Tex.Rev.Civ.Stat.Ann. (1963), permits the City of San Antonio, a home rule city, to perfect its appeal without filing a bond. City's appeal from the order granting the temporary injunction automatically superseded the order of injunction until disposition of City's appeal. *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478 (Tex. 1964).

■ The rule of automatic supersedeas applies where a municipality protected by Art. 1174 appeals from an order subjecting it to a temporary injunction. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939).

Appellees point out that the *Martin* case was decided prior to the adoption of our present Rules of Civil Procedure in 1941, and that it can no longer be held controlling in view of the provision in Rule 385(d), Tex.R.Civ. P. (1976 Supp.), to the effect that an appeal from an order granting or refusing a temporary injunction shall not have the effect of suspending the order appealed from unless it shall be so ordered by the judge or court entering the order. This position is untenable.

At the time that *Martin* was decided the statute then in effect provided that an appeal from an order granting a temporary injunction "shall not have the effect to suspend the order appealed from unless it shall be so ordered by the court or judge who enters the order." Article 4662, Tex.Rev. Civ.Stat.Ann. (1940). The provision in Rule 385 on which appellees rely, therefore, has changed nothing. It merely embodies the language found in the former statute. The fact that language found in a statute at the time *Martin* was decided is now embodied in a procedural rule can have no effect on the precedential weight of *Martin*.

■ There is a second reason why the trial court cannot enforce its temporary injunction by way of contempt proceedings. Even if the injunction had not been superseded by City's appeal, it is well settled that, after the appeal was perfected the power to punish for violation of the order lies only in the appellate court. *Ex parte Travis*, 123 Tex. 480, 73 S.W.2d 487 (1934); *Ex parte Kimbrough*, 135 Tex. 624, 146 S.W.2d 371 (1941); 31 Tex.Jur.2d *Injunctions* § 200, at 317 (1962).

Finally, all parties and, apparently, the trial court, interpret the order appealed from as requiring City to issue the permits for which appellees have applied. The alleged contempt is based solely on the refusal to issue such permits. Manifestly, the purpose of the contempt proceedings is to coerce issuance of the permits. Once the permits are issued, whatever order this Court might enter in disposing of City's appeal would be an exercise in futility. The whole purpose of appellee's suit would have been accomplished. Article 1823, Tex. Rev.Civ.Stat.Ann. (1964), empowers this Court to issue such writs as may be required to protect its jurisdiction. See *City of West University Park v. Martin, supra*.

The enforcement of the temporary injunction by the court below is stayed. Appellees are enjoined from taking any further action in the court below in connection with their motion that City or any of its officers be held in contempt for refusing to issue the permits in question.