The TEXAS EMPLOYMENT COMMIS-SION, et al., Appellants,

v.

Leonce NORRIS, Appellee.

No. 09–82–056 CV.

Court of Appeals of Texas, Beaumont.

June 3, 1982.

Diane Van Helden, Asst. Atty. Gen., Austin, James Hambright, Beaumont, for appellants.

M. Diane Dwight, Thomas Rugg, Thomas Swearingen, Port Arthur, for appellee.

## OPINION AND ORDER STAYING TEMPORARY INJUNCTION

### PER CURIAM.

Texaco, Inc., one of the defendants in the court below invoked the jurisdiction of this Court in an appeal from an order granting a temporary injunction. *Tex.Rev.Civ.Stat. Ann. Art. 4662 (Supp.1982).*

The following day the Attorney General, on behalf of the Commission, perfected an appeal to this Court in compliance with *Tex.R.Civ.P. 354*, it being exempt from the bond requirement. *Tex.Rev.Civ.Stat.Ann. Art. 279a (1973) and Art. 2276 (1971).* See also, authorities cited in *State ex rel. Tucker v. Sabo*, 559 S.W.2d 124 (Tex.Civ.App.— Texarkana 1977, writ ref'd n. r. e.). For the effect of such appeal, see *City of San Antonio v. Clark*, 554 S.W.2d 732, 733 (Tex.Civ. App.—San Antonio 1977, orig. proceedings).

Simultaneously with the filing of the transcript, Texaco, joined by the Commission, filed its motion to stay the temporary injunction order pending the determination of the appeal. The Attorney General, on behalf of the Commission and pursuant to the provisions of *Tex.R.Civ.P. 385(f)*, has filed a motion to advance submission of the cause and to accelerate the appeal.

We invited plaintiff's counsel to respond to Texaco's motion to suspend the order and have been favored with a memorandum in response thereto. Before addressing the motion to suspend, we note the arguments of plaintiff, the first being that such motion is analagous to one seeking supersedeas under *Tex.R.Civ.P. 385(f)*. We agree with counsel that an order denying supersedeas, such as the one entered by the trial judge in this case, is interlocutory and not appealable. *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 689 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.).

We are not impressed with plaintiff's argument that the relief sought by the motion may "more properly be characterized as a Writ of Mandamus compelling the Trial Court to stay its injunctive order."

We have given careful consideration to the arguments presented by the plaintiff but do not find the plaintiff's cited cases, or others contained in the response, to be persuasive or to be in point in our consideration of the record before us. We do not grant supersedeas under *Rule 385(f)*, for that is authority granted exclusively to the trial court; nor do we grant a writ of mandamus compelling trial court action.

Instead, we act upon authority conferred by statute upon this Court by *Tex. Rev.Civ.Stat.Ann. art. 1823*. This Court is authorized to issue such writs as may be necessary to protect the jurisdiction of this Court and to prevent the case from becoming moot. *General Telephone Co. of S. W. v. City of Garland*, 522 S.W.2d 732, 734 (Tex.Civ.App.—Dallas 1975, no writ); *Nelson v. Blanco Independent School Dist.*, 386 S.W.2d 636, 637 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); *City of San Antonio v. Clark*, supra 554 S.W.2d at 733. See also, *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex.Civ.App.—Dallas 1931, writ ref'd).

Plaintiff Norris invoked the jurisdiction of the trial court by perfecting his appeal from an order of the Texas Employment Commission denying his claim for unemployment benefits. *Tex.Rev.Civ.Stat.Ann. Art. 5221b–4(i) (1971)*.

The trial court, immediately upon the filing of the statutory pleading, granted an ex parte restraining order against the defendants, Texaco and the Commission. At the time and place appointed for the hearing on the application for the temporary injunction, the parties appeared and testimony was introduced but such is not before this Court at this time.

At the conclusion of the hearing on the application for the temporary injunction, the trial court signed an order which, among other determinations, ordered the Commission to pay plaintiff benefits for the full duration of time and in the full amount. In granting this relief, the trial court also entered an order, mandatory in nature, commanding the Commission to "cease and desist from continuing to apply [Sec.] 5d disqualification in favor of Texaco, Inc., and against the payment of unemployment compensation claims brought pursuant to the stoppage of work at the Texaco Main Plant, Port Arthur, Texas."

The order also commanded the Commission to "cease and desist" and restrained its agents "from taking any action or making any effort to enforce the provisions of [Sec.] 6b [of the Unemployment Compensation Act] regarding the repayment of unemployment compensation benefits . . . ."

The time for answer by the two defendants had not expired at the time of the entry of the order granting the injunction and there has been no trial of the merits of the appeal from the Commission's order.

We do not reach the merits of the appeal from the order granting the temporary injunction and, of course, express no opinion as to whether the order of the Commission was or was not a lawful order. Such matters are not before us and our action taken today shall not be construed as an expression of an opinion with reference thereto.

■ The trial court acquired jurisdiction of the appeal from the order of the Commission under the provisions of the statute, *Art. 5221b–4(i)*, but the statute also provides that: "A petition for judicial review shall not act as a supersedeas."

The statute, which clothed the trial court with jurisdiction to hear the appeal from the Commission, did not contain a specific grant of authority authorizing injunctive relief, and our Supreme Court has held that the provisions are exclusive and that such statutory proceedings must be governed strictly by the statute creating the remedy. *Texas Employment Commission v. International Union of Electrical, Radio and Machine Workers*, 163 Tex. 135, 352 S.W.2d 252, 254 (1961).

In effect, the trial court has granted a writ of mandamus against officers of the executive department of the State when such authority is conferred exclusively upon the Supreme Court of Texas. *Tex.Rev.Civ. Stat.Ann. Art. 1735 (1962)*. See and cf. *Chapa v. Betts*, 534 S.W.2d 446, 447 (Tex. Civ.App.—Austin 1976, orig. proceedings).

Moreover, said order is in effect a suit against the State without alleging consent to sue. *State v. Isbell*, 127 Tex. 399, 94 S.W.2d 423 (1936). Further, the domicile of the State is in Travis County, not Jefferson. *Gulf Coast Business Forms, Inc. v. Texas Employment Commission*, 498 S.W.2d 154 (Tex.1973).

■ Plaintiff's suit below was strictly an appeal from an administrative decision of the Commission and it involved only his personal cause of action. It was not a class action under *Tex.R.Civ.P. 42*, nor has there been any attempt to procure a "class certification". See and cf. *Smith v. Lewis*, 578 S.W.2d 169, 172 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.). Yet, the temporary injunction order purports to control the action of the Commission as to all persons seeking benefits under the Act "pursuant to the stoppage of work at the Texaco Main Plant, Port Arthur, Texas."

The record before us discloses that the "work stoppage" began on January 7, 1982,

and that the bargaining unit of which plaintiff was a member comprised 3,362 persons; and, according to Texaco's motion, the order requires the Commission "to pay thousands of striking workers benefits."

We do not, in this order, determine that the order granting the temporary injunction is void; a determination of the validity thereof must await a disposition of the appeal on the merits. However, we do determine, at this time, that there is a possibility that a final determination may be made that such injunction order is void. Since there has been no trial of the merits of plaintiff's cause, we are not in position to make such determination now. A hearing on an application for a temporary injunction is not a substitute for, nor does it serve the same purpose as the hearing on the merits. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 421–422 (1959).

█ It is apparent from the face of the record that plaintiff had an adequate remedy at law, one provided by the Legislature, and that he invoked such remedy by his appeal from the Commission. Generally, such statutory appeals have been held to be "adequate remedies so that injunctive relief is not available" pending the determination of the appeal. See generally, *6 Texas Practice § 3, at 11 (2d Ed. 1973).*

Texaco's motion to stay the temporary injunction pending the final determination of the appeal does not, and we do not, in any manner restrict the trial court in taking action leading to a speedy trial and a disposition of the plaintiff's cause on the merits. Indeed, the statute which brought the parties to the court below provides:

"Such action shall be given precedence over all other civil cases except cases arising under the Workmen's Compensation Law of this State." [*Art. 5221b–4(i)*]

We bear in mind Chief Justice Hickman's holding in *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 464 (1952), that a trial judge should never grant a temporary injunction, the effect of which would be to accomplish the results of the suit after a trial on the merits. Instead, the trial court should arrange "his docket so as to afford the [parties] a trial on the merits without undue delay."

█ Contrary to the docket condition mentioned by the Chief Justice in *Texas Foundries,* supra, we can and do take judicial knowledge of the condition of the civil docket in Jefferson County and have every reason to believe that a speedy trial may be secured by the parties upon the merits of the controversy. Such should and must be done after issues have been joined and the cause is properly prepared for trial. We direct the parties and the trial judge to language used in *Southwest Weather Research, Inc. v. Jones,* supra 327 S.W.2d at 422, which is peculiarly applicable to this case:

"[T]he most expeditious way of obviating the hardship and discomforture of an unfavorable preliminary order is to try the case on its merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies."

Finally, in addition to the statutory and plenary authority conferred upon this Court authorizing if not compelling the action we take, we invoke the ancient and accepted doctrine of the balancing of the equities in this cause in support of the order entered. *6 Texas Practice, supra (§ 115 at 161).*

Therefore, motion of Texaco to stay the order of the trial court granting the temporary injunction in this cause, dated May 28, 1982, is hereby GRANTED and said order is suspended pending the final judgment or further orders of this Court.

Further, the motion of the Commission to advance the submission of the cause is likewise GRANTED, and it is ORDERED:

1. The above entitled and numbered cause is here and now set for submission and oral argument on the merits at nine o'clock in the morning of *June 17, 1982.*

2. The Official Court Reporter who took the testimony adduced at the hearing in the court below is hereby directed to cause the complete statement of facts to be transcribed in accordance with the rules governing such matters, and to file the same with the Clerk of this Court at or before five o'clock in the afternoon of June 8, 1982.

3. Appellants, Commission and Texaco, shall file their respective appellate briefs with the Clerk of this Court and serve copies upon plaintiff's counsel by delivering same to counsel's office at or before noon on June 12, 1982.

4. Plaintiff shall file his brief with the Clerk of this Court and serve copies upon appellants by delivering same to all counsel who have offices in Jefferson County, and depositing copies in the mail to all other counsel of record at or before noon, June 16, 1982.

It is so ORDERED.