Donald E. DEAL, Petitioner,

v.

Lloyd BONNER, et al., Respondent.

No. 09 84 295 CV.

Court of Appeals of Texas, Beaumont.

April 5, 1984.

William Drew Perkins, Lufkin, for petitioner.

Bill Frizzell, Tyler, for respondent.

**PER CURIAM.**

Relator Deal is the Mayor of Hudson, Texas. Bonner instituted a mandamus proceeding in the 159th District Court, the Honorable David Walker, in an attempt to compel Relator to call an election, pursuant to *TEX.REV.CIV.STAT.ANN. art. 1241a*, for the disincorporation of the City of Hudson. Relator had determined that an insufficient number of qualified resident voters had signed the disincorporation petition.

A hearing was had on Bonner's petition for mandamus, and the court granted the same, ordering the election to be held on April 7, 1984. Deal filed notice of appeal, bond for costs, and application for a supersedeas bond in the District Court. Supersedeas bond was refused by the trial judge and Deal has applied to this court for a writ of mandamus to compel the District Judge to set a bond. Such a bond, of course, would have the effect of canceling or delaying the election set two days from now. Supersedeas bonds are governed by *TEX.R.CIV.P. 364*. All final judgments, including election contests may be superseded, and the fixing of the bond is a "ministerial act". *Continental Oil Company v. Lesher*, 500 S.W.2d 183, 185 (Tex. Civ.App.—Houston [1st Dist.], 1973, no writ); *Sams v. Coker*, 514 S.W.2d 351 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ). In *Yett v. Cook*, 115 Tex. 175, 268 S.W. 715, 717 (1925), we find:

"It is the settled law of this state that a judgment awarding the peremptory writ of mandamus is within the provisions of the statute quoted, and may be appealed from and superseded. [quoting authorities]"

Petitioner Deal's motion is therefore granted and the District Court is ordered to set a supersedeas bond.