Howard HILL, Relator,

v.

The FOURTEENTH COURT OF APPEALS, Respondent.

No. C-4246.

Supreme Court of Texas.

July 3, 1985.

Rehearing Denied Sept. 16, 1985.

Mark D. Davidson, Houston, for relator.

Lawrence, Thornton, Payne, Watson & Kling, Chris J. Kling, Bryan, for respondent.

PER CURIAM.

This is an original mandamus proceeding arising out of an election contest. The issue is whether the trial court has discretion to deny a contestee's motion for supersedeas bond. In a prior original proceeding, the court of appeals held that the trial court had no discretion in the matter and directed the trial court to allow the contestee to post a supersedeas bond. We hold that TEX.R.CIV.P. 364(f) authorizes the trial court, in its sound discretion, to decline to permit the judgment in an election contest to be suspended.

In the general election of November, 1984, Ronnie Miller was elected sheriff of Brazos County. His opponent in the general election, Howard Hill, filed an election contest which resulted in a judgment declaring the election void. The judgment further provided that the county hold another election for the office at the earliest possible date. Miller, who had previously posted his contestee's bond as required by TEX.ELEC.CODE ANN. art. 9.09 (Vernon 1967), moved the trial court to set supersedeas bond pursuant to TEX.R.CIV.P. 364(a). The trial court refused and, instead, granted Hill's motion pursuant to TEX.R.CIV.P. 364(f), which provides:

> When the judgment is for other than money or property or foreclosure, the bond or deposit shall be in such amount to be fixed by the said court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal, but the court may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit to be fixed by the court in such an amount as will secure the defendant in loss or damage occasioned by any relief granted if it is determined on final disposition that such relief was improper.

Thereafter, on Miller's motion for leave to file, the court of appeals granted a conditional writ of mandamus directing the trial court to set a supersedeas bond. The court of appeals held that Miller was entitled to supersede the judgment as a matter of right and that the trial court's discretion in the matter extended only to the amount of the bond. We disagree.

We are aware of those cases which hold that a judgment in an election contest may be superseded as a matter of right. *See Deal v. Bonner*, 667 S.W.2d 635 (Tex.App. —Beaumont 1984, no writ); *Sams v. Coker*, 514 S.W.2d 351 (Tex.Civ.App.—Houston [1st District] 1974, no writ); *Alvarez v. Laughlin*, 362 S.W.2d 915 (Tex.Civ.App.— San Antonio 1962, no writ). These cases, however, were decided prior to the amendment to Rule 364(f), effective April 1, 1984. Rule 364(f) now provides that when a "... judgment is for other than money or property or foreclosure, ... the court may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit...." The rule grants the trial court discretion whether or not to allow a supersedeas bond when the judgment does not involve money, property or foreclosure. A judgment which declares an election void therefore falls within the scope of Rule 364(f).

Because the judgment of the court of appeals conflicts with TEX.R.CIV.P. 364(f), we conditionally grant the petition for writ of mandamus and, without hearing argument, direct the court of appeals to vacate its judgment which conditionally grants a

writ of mandamus against the trial court. TEX.R.CIV.P. 483.