## CITY OF ROBSTOWN, Relator,

v.

## Honorable Mike WESTERGREN, District Judge, 214th Judicial District Court of Nueces County, Texas, et al., Respondents.

No. 13–89–143–CV.

Court of Appeals of Texas, Corpus Christi.

July 3, 1989.

Juan Perales, Robstown, for relator.

Francis I. Gandy, Jr., Corpus Christi, Thomas K. Anson, Hays & Anson, Jim Mattox, Atty. Gen. of Texas, Austin, Faires P. Wade, Corpus Christi, for respondents.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Relator, the City of Robstown, sought a petition for writ of prohibition requesting this Court to order respondent, the Honorable Mike Westergren, judge of the 214th District Court, to "cease and desist from filing, taking or exercising any jurisdiction over the motion for contempt or attempting to prevent the City of Robstown from exercising its right to supersede the injunctive orders." Judge Westergren had refused to allow relator to supersede a non-money judgment, which contained a permanent injunction, while such judgment was on appeal. On April 7, 1989, this Court granted relator's motion for leave to file petition for writ of prohibition and ordered that a contempt hearing, set for April 10, 1989, be stayed and that Judge Westergren take no action to enforce the judgment which is the subject of an appeal in cause no. 13–89–010–CV in this Court until further order of this Court.

Relator first argues that upon its perfection of the appeal of the questioned injunctive order, this Court was clothed with exclusive jurisdiction over any contempt action. We agree. Any action for contempt filed after the appeal is perfected lies only with the appellate court. *Ex*

*parte Boniface,* 650 S.W.2d 776 (Tex.1983); *Gano v. Villarreal,* 745 S.W.2d 586, 587 (Tex.App.—Corpus Christi 1988, original proceeding).

■ Relator also argues that the order signed by Judge Westergren on February 23, 1989 in which the trial court refused to allow the City to supersede portions of the December 12, 1988 judgment was void. Relator argues that it was entitled to automatic supersedeas.

Tex.Civ.Prac. & Rem.Code Ann. § 6.002(b) (Vernon Supp.1989) entitled "Cities Exempt from Security for Court Costs" was amended in 1987 to provide: "A home-rule municipality may institute and prosecute suits without giving security for cost and may appeal from judgment without giving supersedeas or cost bond." Relator relies on *City of San Antonio v. Clark,* 554 S.W.2d 732 (Tex.Civ.App.—San Antonio 1977, no writ) as authority. In a remarkably similar factual scenario, the Court in *Clark* held that the rule of automatic supersedeas applies where a municipality, protected by statute, appeals from an order subjecting it to a temporary injunction. *Id.* at 733. *See also Ammex Warehouse Company v. Archer,* 381 S.W.2d 478 (Tex.1964); *City of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939).

Respondents argue that under Tex.R. App.P. 47(f) the trial court could exercise its discretion in refusing to allow relator to supersede the judgment. Tex.R.App.P. 47(f) provides:

*Other judgment.* When the judgment is for other than money or property or foreclosure, the security shall be in such amount and type to be ordered by the trial court as will secure the judgment creditor for any loss or damage occasioned by the appeal. The trial court may decline to permit the judgment to be suspended on filing by the judgment creditor of security to be ordered by the trial court in such an amount as will secure the judgment debtor in any loss or damage caused by any relief granted if it is determined on final disposition that such relief was improper.

Respondents assert that under the "old law" supersedeas was a matter of right, but under Tex.R.App.P. 47(f) a trial court has discretion not to supersede, citing *Klein Independent School District v. Fourteenth Court of Appeals,* 720 S.W.2d 87 (Tex.1986) and *Hill v. Fourteenth Court of Appeals,* 695 S.W.2d 554 (Tex. 1985). *Klein* was a condemnation case in which the trial court had refused supersedeas. The Supreme Court agreed that there was no mandatory provision requiring supersedeas and reversed the Court of Appeals which had held that under case law the condemnor had the right to use and possession of an easement pending determination of the case in the court of last resort. *Id* at 88. Likewise, *Hill* reversed a court of appeals holding which was based on the premise that case law had mandated that a judgment in an election contest could be superseded at a matter of right. *Id.* at 555. The Supreme Court in *Hill* held that the cited election contests were decided prior to the amendment to the rule which granted the court discretion not to allow supersedeas when the judgment does not involve money.

This case, however, is unlike either *Hill* or *Klein* in that it is subject to a statutory provision which unequivocally allows a home-rule city to appeal the judgment without giving supersedeas bond. However, we view as distinct the right of a municipality to appeal without giving a supersedeas bond, and the purported automatic right to supersede a judgment on appeal. It does not follow that because the City does not have to file a supersedeas bond, that it is automatically entitled to supersede the judgment. This would destroy the discretion now given the trial court by Rule 47(f) and upheld in *Hill* to disallow supersedeas when the judgment does not involve money. Here, relators would have been entitled to supersede the judgment without bond, if the trial court, in its discretion, had allowed the judgment to be superseded. The trial court did not allow supersedeas. Relator does not contend that the trial court abused a discretionary power but that the trial court did not have discretion

to disallow supersedeas. Since we reject relator's contention, we hold that the Honorable Mike Westergren had the discretionary authority under Rule 47(f) to deny relator to supersede the injunction, and therefore, notice of appeal did not operate to automatically supersede the judgment.

We grant relator's petition only insofar as its request that the Honorable Mike Westergren be prohibited from entertaining an action for contempt of the injunctive orders which are on appeal in cause no. 13–89–010–CV *while the permanent injunction judgment is on appeal,* except as he might be directed by an appropriate appellate court to conduct hearings or take other action pursuant to any contempt action that might be filed with an appellate court while the injunctive orders are on appeal. All other relief is denied.