IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-245-CV





THE STATE OF TEXAS BY AND THROUGH THE STATE HIGHWAY AND PUBLIC


TRANSPORTATION COMMISSION OF TEXAS,



 RELATOR


vs.





HONORABLE J. DAVID PHILLIPS, JUDGE,


COUNTY COURT AT LAW NO. 1, TRAVIS COUNTY, TEXAS RESPONDENT



 RESPONDENT


 




ORIGINAL PROCEEDING FROM TRAVIS COUNTY



 




PER CURIAM


 Relator, the State of Texas by and through the State Highway and Public
Transportation Commission of Texas, filed its motion for leave to file petition for writ of
mandamus pursuant to Tex. R. App. P. Ann. 121 (Supp. 1991). This Court granted the motion
and filed the petition. Rule 121(c). The State seeks a writ of mandamus to compel respondent,
the Honorable J. David Phillips, to supersede the trial court's final judgment. The real parties
in interest are Shirrell D. Hipp and Lois Mae Hipp.

 The cause underlying this original proceeding is a condemnation action. The Hipps
filed their objections to the award of the special commissioners and the matter was set for trial in
the probate court of Travis County. Tex. Prop. Code Ann. § 21.018 (1984). When the State
deposited its warrant in the amount of the award with the county clerk, the trial court ordered that
a writ of possession be issued in favor of the State. Tex. Prop. Code Ann. § 21.021 (1984).

 At trial, the cause was submitted to a jury, which failed to find that the State had
"negotiate[d] in good faith with the Hipps to purchase their property." On November 19, 1990,
the trial court rendered a final judgment dismissing the cause for want of jurisdiction, dissolving
the writ of possession issued in favor of the State, and ordering that a writ of possession issue in
favor of the Hipps. See Dyer v. State, 388 S.W.2d 226 (Tex. Civ. App. 1965, no writ) (absence
of a bona fide attempt to reach agreement with the landowner is jurisdictional). On February 13,
1991, the State timely filed its notice of appeal. Tex. Civ. Prac. & Rem. Code Ann. § 6.001
(1986 & Supp. 1991); Tex. R. App. P. Ann. 40, 41 (Supp. 1991).

 Contending that its notice of appeal stayed the judgment, on March 12, 1991, the
State filed its motion to stay execution of judgment and to reissue writ of possession whereby it
requested the trial court "to suspend execution of the judgment herein and to order the court clerk
to reissue the writ of possession in favor of the State of Texas." On April 8, 1991, the trial court
overruled the State's motion; on June 6, the State filed the original proceeding in this Court. By
its petition, the State seeks a writ of mandamus to compel respondent to supersede the final
judgment (1) and to reinstate the writ of possession previously granted the State.

 An appellate court may issue a writ of mandamus only to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no other adequate remedy at
law. Strake v. Court of Appeals, 704 S.W.2d 746 (Tex. 1986); Crane v. Tunks, 328 S.W.2d 434
(Tex. 1959). A trial court abuses its discretion when its determination is so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law. A relator who attacks the trial
court's ruling must establish, under the circumstances of the case, that the facts and law permit
the trial court to make but one decision. This determination is essential because mandamus will
not issue to control the action of a lower court in a matter involving discretion. Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916 (Tex. 1985).

 With certain exceptions, a party's right to supersede a judgment is not a matter
within the trial court's discretion. Man-Gas Transmission Co. v. Osborne Oil Co., 693 S.W.2d
576 (Tex. App. 1985, no writ); Weber v. Walker, 591 S.W.2d 559 (Tex. Civ. App. 1979, orig.
proceeding); see Tex. R. App. P. Ann. 47 (Supp. 1991). Generally, a party supersedes a final
judgment by posting a bond or deposit, thereby suspending execution of the judgment. Rule 47(j);
see Tex. R. App. P. Ann. 40(a)(5) (Supp. 1991) (perfection of appeal usually does not suspend
judgment). Because it is exempt from posting security, pursuant to § 6.001, the State's notice of
appeal operates as a supersedeas unless a contrary intention is made known to the court. Ammex
Warehouse Company v. Archer, 381 S.W.2d 478 (Tex. 1964). The question here is whether any
exception gave the trial court discretion to determine whether supersedeas is available.

 The State relies on Ammex Warehouse to contend that the trial court had no
discretion because the State has an absolute right to supersede a judgment. The Hipps respond
that Ammex Warehouse only confirms the State's exemption from posting security if supersedeas
is otherwise available. See City of Robstown v. Westergren, 774 S.W.2d 739 (Tex. App. 1989,
orig. proceeding). The Hipps assert that the underlying cause falls within the scope of Rule 47(f)
which gives a trial court discretion to suspend a judgment which does not involve money, property
or foreclosure:


 When the judgment is for other than money or property or foreclosure, the security
shall be in such amount and type to be ordered by the trial court as will secure the
judgment creditor for any loss or damage occasioned by the appeal. The trial court
may decline to permit the judgment to be suspended on filing by the judgment
creditor of security to be ordered by the trial court in such an amount as will
secure the judgment debtor in any loss or damage caused by any relief granted if
it is determined on final disposition that such relief was improper.



(Emphasis added.) See Klein Indep. School Dist. v. Fourteenth Court of Appeals, 720 S.W.2d
87 (Tex. 1986); Hill v. Fourteenth Court of Appeals, 695 S.W.2d 554, 555 (Tex. 1985); City of
Robstown, 774 S.W.2d at 740.

 In Ammex Warehouse, the supreme court noted, "Rule 364 makes only one
requirement as a prerequisite for a supersedeas and that is the filing of a bond." 381 S.W.2d at
481. (2) Although subsection (f) was added in 1946, the provision granting the trial court discretion
was not adopted until April 1, 1984. Accordingly, the only requirement at issue in Ammex
Warehouse was the necessity of posting a bond. See also Wallace v. Adams, 243 S.W. 572 (Tex.
Civ. App. 1922, writ dism'd).

 The State responds that Rule 47(a) precludes the application of Rule 47 to the State. 
Rule 47(a) provides, "Unless otherwise provided by law or these rules, a judgment debtor may
suspend the execution of the judgment by filing a good and sufficient bond ...." The State argues
that § 6.001 provides otherwise. Section 6.001 and Rule 47(a) exempt the State only from the
requirement of filing a bond or posting security to stay a judgment. We conclude that exemption
from filing a bond does not preclude the application of Rule 47(f) in this instance. See City of
Robstown, 774 S.W.2d at 740-41.

 The State next contends that the trial court had no discretion because this is a
judgment for the recovery of land or other property. Rule 47(c). The judgment here is one
dismissing the cause for want of jurisdiction. A "dismissal is in no way an adjudication of the
rights of parties; it merely places the parties in the position that they were in before the court's
jurisdiction was invoked." Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962);
see Alvarado v. Magic Valley Electric Co-op, Inc., 784 S.W.2d 729, 733 (Tex. App. 1990, writ
denied). In rendering a judgment of dismissal, a trial court must refrain from rendering a
judgment on the merits of the suit. Alvardo, 784 S.W.2d at 733; Zachary v. Overton, 157
S.W.2d 405, 406 (Tex. Civ. App. 1941, writ ref'd w.o.m.). Because the judgment dismissed the
cause for want of jurisdiction, we cannot construe it to be one for the recovery of land or other
property. We do not decide the propriety of the language ordering that a writ of possession issue
in the Hipps' favor, pursuant to Tex. Prop. Code Ann. § 21.062 (1984). That section provides
for issuance of a writ of possession in the landowner's favor "if the court finally decides that the
condemnor does not have the right to condemn property."

 Considering the posture of this case, the language of Rule 47(f), and our limited
scope of review in this proceeding, (3) we conclude that the trial court did not abuse its discretion
in denying the State's motion. The State's request for a writ of mandamus is denied.


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Writ of Mandamus Denied

Filed: September 11, 1991

[Do Not Publish]
1.   The final judgment also awards the Hipps attorney's fees and costs. There appears to be
no dispute as to supersedeas of the money portion of the judgment. The State's notice of appeal
stays execution on this portion of the judgment pending appeal. Tex. R. App. P. Ann. 47(a), (b)
(Supp. 1991). Action by the trial court is unnecessary.
2.   Texas R. Civ. P. 364, repealed by order of April 10, 1986, effective September 1, 1986. 
Now Tex. R. App. P. Ann. 47 (Supp. 1991).
3.   In its petition, the State also seeks temporary relief because "[t]he very appellate jurisdiction
of [this Court] is violated by the Respondent's refusal to supersede the Final Judgment . . . ." 
The State does not argue this point or discuss our jurisdiction in light of the discretion provided
for in Rule 47(f). This Court may not issue a writ of mandamus to protect a party from damage
pending appeal. Continental Oil Co., 500 S.W.2d at 186.