**Helen L. PENA, et al., Relators,**

v.

**Honorable Antonio A. ZARDENETTA, Respondent.**

**No. 04–86–00269–CV.**

Court of Appeals of Texas, San Antonio.

June 25, 1986.

Rehearing Denied July 28, 1986.

Richard G. Morales, Sr., Humberto L. Juarez, Jr., Laredo, for relators.

Bill Blackburn, Corpus Christi, for respondent.

PETITION FOR WRIT OF MANDAMUS

Before ESQUIVEL, BUTTS and REEVES, JJ.

PER CURIAM.

This is an original mandamus proceeding instituted by appellants in the underlying appeal against the Honorable Antonio A. Zardenetta of the 111th District Court of Webb County. Relators contend that Judge Zardenetta abused his discretion by refusing to suspend that part of a December 20, 1985 judgment granting an injunction in favor of appellees in the underlying appeal.

This cause was tried to a jury that returned a verdict on September 25, 1985,

finding that plaintiffs-appellees Lillian Salinas, et al., were entitled to an easement over certain property owned by the defendants-relators. The final judgment entered by Judge Zardenetta enjoined relators from interferring with plaintiffs' use of the easement and awarded attorney fees to plaintiffs.

A supersedeas bond was fixed in the amount of $50,000.00 for the monetary portion of the judgment (the attorney fees plus interest). Respondent granted plaintiffs' request that the judgment for injunction not be suspended under TEX.R.CIV.P. 364(f) and provided for indemnification for relators' loss, if any. The supersedeas bond was later reduced to $35,000.00. Relators contend that respondent abused his discretion by failing to grant their motion to set a supersedeas bond and stay the injunctive relief granted in the final judgment.

 In general, mandamus will not issue for discretionary acts unless the record clearly establishes an abuse of discretion and the relator has no other adequate remedy. *Maresca v. Marks,* 362 S.W.2d 299 (Tex. 1962). Before this Court will issue a writ, the record must show both a clear legal duty to proceed and a refusal to do so. *Brosseau v. Harless,* 697 S.W.2d 56 (Tex.App.—Dallas 1985, no writ).

Rule 364(f) provides that:

When the judgment is for other than money or property or forclosure, the bond or deposit shall be in such amount to be fixed by the said court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal, but the court may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit to be fixed by the court in such an amount as will secure the defendant in any loss or damage occasioned by any relief granted if it is determined on final disposition that such relief was improper.

Relators are entitled to a writ of mandamus compelling respondent to fix a supersedeas bond suspending that part of the final judgment prohibiting them from interferring with plaintiffs' right of easement only if that part of the judgment is for "other than money or property or foreclosure."

 There is no case law defining "property" for purposes of this court rule. Subsection (c) of Rule 364, however, provides for the fixing of the amount of a supersedeas bond when the judgment "is for the recovery of land or other property." In such cases, the bond or deposit must be conditioned on the promise of the appellant to pay the appellee, in case the judgment is affirmed, the value of the rent or hire of such property during the appeal, and the bond or deposit shall be in the amount estimated or fixed by the trial court. TEX. R.CIV.P. 364(c).

The language of subsection (c) of the court rule refers to the "recovery of land." The reasonable interpretation of this language is that it applies to final judgments adjudicating possessory interests in real property. This court rule would clearly apply to actions of trespass to try title, *see T-Vestco Litt-Vada v. Lu-Cal One Oil Co.,* 651 S.W.2d 284 (Tex.App.—Austin 1983, no writ), *Texas Rural Communities v. Avary,* 113 S.W.2d 597 (Tex.Civ.App.—Amarillo 1938, writ dism'd), which require that the plaintiff prove a right to possession. An easement gives no such possessory interest in land and proof of such an interest is not an element of the plaintiff's case. *City of Mission v. Popplewell,* 156 Tex. 269, 294 S.W.2d 712 (1956). It follows, therefore, that relators' entitlement to a supersedeas bond is not controlled by subsection (c) of rule 364 but by subsection (f) pertaining to the judgments for other than for money, property or foreclosure. Under this latter court rule, the trial court had discretion to decline to permit the judgment to be suspended. Plaintiffs-appellees have filed a bond that will secure the respondents from any loss if it is determined upon appeal that the relief granted in the final judgment was improper.

**74**

On the record before us, relators have failed to establish a clear legal duty on behalf of the trial court to set a supersedeas bond. Further, the record does not clearly establish an abuse of the trial court's discretion in this matter. Accordingly, we deny relators' application for writ of mandamus.