The STATE of Texas By and Through the STATE HIGHWAY and PUBLIC TRANSPORTATION COMMISSION of TEXAS, Relator,

v.

Honorable Michael J. SCHLESS, Judge, County Court at Law No. 3, Travis County, Texas, Respondent, Respondent.

No. 3–91–244–CV.

Court of Appeals of Texas, Austin.

Sept. 11, 1991.

Bonnie C. Lockhart, Mark Heidenheimer, Asst. Attys. Gen., Austin, for relator.

John McClish, Austin, for respondent.

Before CARROLL, C.J., and JONES and SMITH, JJ.

PER CURIAM.

Relator, the State of Texas by and through the State Highway and Public Transportation Commission of Texas, filed its motion for leave to file petition for writ of mandamus pursuant to Tex.R.App. P.Ann. 121 (Supp.1991). This Court granted the motion and filed the petition. Rule 121(c). The State seeks a writ of mandamus to compel respondent, the Honorable Michael J. Schless, to supersede the trial court's final order. The real parties in interest are C. Milton Dowd and Ruth H. Dowd.

The cause underlying this original proceeding is a condemnation action. The Dowds filed their objections to the award of the special commissioners and the matter was set for trial in the county court at law of Travis County. Tex.Prop.Code Ann. § 21.018 (1984). When the State deposited its warrant in the amount of the commissioners' award with the county clerk, the trial court ordered that a writ of possession be issued in favor of the State. Tex.Prop. Code Ann. § 21.021 (1984).

At trial, the cause was submitted to the jury, which failed to find that the State had "negotiate[d] in a good faith attempt to agree with the Dowds as to adequate compensation for the property." Based on this answer, on September 19, 1990, the trial court dissolved the writ of possession issued in the State's favor. After a trial on the issue of attorney's fees and costs, on April 23, 1991, the court rendered a final order dismissing the cause for want of jurisdiction and ordering that a writ of possession be issued in the Dowds' favor. *See Dyer v. State*, 388 S.W.2d 226 (Tex.Civ. App.1965, no writ) (absence of a bona fide attempt to reach agreement with the landowner is jurisdictional). On April 25, 1991, the State timely filed its notice of appeal. Tex.Civ.Prac. & Rem.Code Ann. § 6.001 (1986 & Supp.1991); Tex.R.App.P.Ann. 40, 41 (Supp.1991).

Contending that its notice of appeal stayed the judgment, the State requested

the trial court to supersede the order of dismissal in its entirety, to retract the order for issuance of a writ of possession and to reinstate the writ previously issued in the State's favor. After the trial court overruled its motion, the State filed this original proceeding asking us to compel the trial court to supersede the order of dismissal "in its entirety" [1] and the order of September 19, 1990; and to require the trial court to reinstate the writ of possession originally granted in its favor.

■■■ An appellate court may issue a writ of mandamus only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Strake v. Court of Appeals*, 704 S.W.2d 746 (Tex.1986); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). A trial court abuses its discretion when its determination is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. A relator who attacks the trial court's ruling must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985).

■■■ With certain exceptions, a party's right to supersede a judgment is not a matter within the trial court's discretion. *Man–Gas Transmission Co. v. Osborne Oil Co.*, 693 S.W.2d 576 (Tex.App.1985, no writ); *Weber v. Walker*, 591 S.W.2d 559 (Tex.Civ.App.1979, orig. proceeding); *see* Tex.R.App.P.Ann. 47 (Supp.1991). Generally, a party supersedes a final judgment by posting a bond or deposit, thereby, suspending execution on the judgment. Rule 47(j); *see* Tex.R.App.P.Ann. 40(a)(5) (Supp. 1991) (perfection of appeal usually does not suspend judgment). A final judgment may be superseded, pending appeal, even though the judgment does not require a

writ of execution or other process to enforce it. *Los Campeones, Inc. v. Valley Intern. Properties, Inc.*, 591 S.W.2d 312 (Tex.Civ.App.1979, no writ); *Continental Oil Co. v. Lesher*, 500 S.W.2d 183 (Tex.Civ. App.1973, orig. proceeding). Because it is exempt from posting security, pursuant to § 6.001, the State's notice of appeal operates as a supersedeas unless a contrary intention is made known to the court. *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex.1964). The question here is whether any exception gave the trial court discretion to determine whether supersedeas is available.

The State relies on *Ammex Warehouse* to contend that the trial court had no discretion because the State has an absolute right to supersede a judgment. The Dowds respond that *Ammex Warehouse* only confirms the State's exemption from posting security if supersedeas is otherwise available. *See City of Robstown v. Westergren*, 774 S.W.2d 739 (Tex.App.1989, orig. proceeding). The Dowds assert that the underlying cause falls within the scope of Rule 47(f) which grants a trial court discretion to suspend a judgment that does not involve money, property or foreclosure:

> When the judgment is for other than money or property or foreclosure, the security shall be in such amount and type to be ordered by the trial court as will secure the judgment creditor for any loss or damage occasioned by the appeal. *The trial court may decline to permit the judgment to be suspended* on filing by the judgment creditor of security to be ordered by the trial court in such an amount as will secure the judgment debtor in any loss or damage caused by any relief granted if it is determined on final disposition that such relief was improper.

(Emphasis added.) *See Klein Indep. School Dist. v. Fourteenth Court of Appeals*, 720 S.W.2d 87 (Tex.1986); *Hill v. Fourteenth Court of Appeals*, 695 S.W.2d 554, 555 (Tex.1985); *City of Robstown*, 774 S.W.2d at 740.

---

1. The order of dismissal also awards the Dowds attorney's fees, expenses and costs. There appears to be no dispute as to supersedeas of the money portion of the judgment. The State's notice of appeal stays execution on this portion of the judgment pending appeal. Tex.R.App. P.Ann. 47(a), (b) (Supp.1991). Action by the trial court is unnecessary.

In *Ammex Warehouse,* the supreme court noted, "Rule 364 makes only one requirement as a prerequisite for a supersedeas and that is the filing of a bond." 381 S.W.2d at 481.[2] Although subsection (f) was added in 1946, the provision granting the trial court discretion was not adopted until 1984. Accordingly, the only requirement at issue in *Ammex Warehouse* was the necessity of posting a bond. *See also Wallace v. Adams,* 243 S.W. 572 (Tex.Civ.App.1922, writ dism'd).

■ The State responds that Rule 47(a) precludes the application of Rule 47 to the State. Rule 47(a) provides, "Unless otherwise provided by law or these rules, a judgment debtor may suspend the execution of the judgment by filing a good and sufficient bond...." The State argues that § 6.001 provides otherwise. Section 6.001 and Rule 47(a) exempt the State only from the requirement of filing a bond or posting other security to stay a judgment. We conclude that exemption from filing a bond does not preclude the application of Rule 47(f) in this instance. *See City of Robstown,* 774 S.W.2d at 740–41.

■ The State next contends that the trial court had no discretion because this is a judgment for the recovery of land or other property. Rule 47(c). The judgment here is one dismissing the cause for want of jurisdiction. A "dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked." *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex. 1962); *see Alvarado v. Magic Valley Electric Co-op, Inc.,* 784 S.W.2d 729, 733 (Tex. App.1990, writ denied). In rendering a judgment of dismissal, a trial court must refrain from rendering a judgment on the merits of the suit.[3] *Zachary v. Overton,* 157 S.W.2d 405, 406 (Tex.Civ.App.1941, writ ref'd w.o.m.); *Alvarado,* 784 S.W.2d at 733. Because the judgment dismisses the cause for want of jurisdiction, we cannot construe it to be one for the recovery of land or other property. We do not decide the propriety of the language ordering that a writ of possession issue in the Dowds' favor, pursuant to Tex.Prop.Code Ann. § 21.062 (1984). That section provides for issuance of a writ of possession in the landowner's favor "if the court finally decides that the condemnor does not have the right to condemn the property."

■ Considering the posture of this case, the language of Rule 47(f) and our limited scope of review in this proceeding,[4] we conclude that the trial court did not abuse its discretion in denying the State's motion. The State's request for writ of mandamus is denied.

---

2. Texas R.Civ.P. 364, repealed by order of April 10, 1986, effective September 1, 1986. Now Tex.R.App.P.Ann. 47 (Supp.1991).

3. The order of dismissal may have effectively annulled the order of September 19, 1990 that the State also wishes to supersede. *See generally* R.P. Davis, Annotation, *Effect of Nonsuit, Dismissal, or Discontinuance of Action on Previous Orders,* 11 A.L.R.2d 1407 (1950).

4. In its petition, the State also seeks temporary relief because "[t]he very appellate jurisdiction of [this Court] is violated by the Respondent's refusal to supersede the Final Judgment." The State does not argue this point or discuss our jurisdiction in light of the discretion provided for in Rule 47(f). This Court may not issue a writ of mandamus to protect a party from damage pending appeal. *Continental Oil Co.,* 500 S.W.2d at 186.