# IN THE SUPREME COURT OF TEXAS

═══════════
No. 11-0245
═══════════

IN RE CARL BASS, PATRICIA GRUTZMACHER AND THOMAS BAUER

═══════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════

**PER CURIAM**

**Order Remanding for Findings of Fact**

Following disciplinary proceedings, the Texas State Board of Public Accountancy (Real Party in Interest in this Court) suspended the accounting licenses of relators Carl Bass, Patricia Grutzmacher, and Thomas Bauer. Relators then obtained a judgment in district court voiding those suspensions because of violations of the Open Meetings Act. When the Board appealed that judgment, relators moved the trial court to deny the Board the right to supersede the judgment pending appeal, pursuant to Texas Rule of Appellate Procedure 24.2(a)(3) (providing trial courts with discretion to deny or allow supersedeas of a judgment for something other than money or an interest in property). The district court denied relators' motion and allowed the Board to supersede the judgment, thus reinstating the license suspensions during appeal. Relators sought appellate review of the denial in the court of appeals, and the court of appeals affirmed.

Relators now petition this Court, pursuant to Appellate Rule 24.4(a), for a writ of mandamus instructing the trial court to exercise its discretion under Rule 24.2(a)(3) and grant their motion to deny supersedeas. The Board argues that, per Texas Rule of Appellate Procedure 25.1(g)(2), a trial court's discretion to deny supersedeas does not apply to state entities, who are entitled to supersede any judgment as a matter of right. We are unable to fully consider these contentions because the trial court did not state its reasons for denying relators' motion. Thus we do not know whether it was of the opinion that state agencies are entitled to supersedeas as a matter of right, or whether it found, per the discretion provided by Rule 24.2(a)(3), supersedeas appropriate in this case.

Under these circumstances, we abate the petition and remand the case to the trial court with instructions for it to prepare findings of fact and conclusions of law pertaining to its decision to allow supersedeas. The trial court shall submit its findings and conclusions to this Court no later than March 27, 2012. When the trial court's findings and conclusions are submitted, the petition will be reinstated by further order of the Court.

**OPINION DELIVERED:** January 27, 2012