# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00376-CV

### In re State Board For Educator Certification

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

The State Board for Educator Certification has filed a petition for writ of mandamus and motion for temporary relief, challenging the trial court's order refusing to allow the Board to supersede the trial court's judgment. In the underlying proceeding, real party in interest Erasmo Montalvo sought judicial review of the Board's decision to revoke his educator certificate. In its judgment, the trial court ruled in favor of Montalvo, reversed the Board's decision, permanently enjoined the Board from treating as revoked or revoking his certificate, and ordered that any appeal by the Board would not supersede the judgment pending appeal. *See* Tex. R. App. P. 24.2(a)(3).

Bound by authority from the supreme court and this Court on an issue of law that has not been fully resolved by the supreme court, we cannot conclude in this original proceeding that the trial court lacked discretion under rule 24.2(a)(3) to deny the Board supersedeas. *See id.*; *In re Bass*, No. 11-0245, 2012 Tex. LEXIS 114 (Tex. Jan. 27, 2012) (per curiam order remanding case to trial court for findings of fact and conclusions of law pertaining to its decision to allow the state agency to supersede the judgment); *In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 359–60 (Tex. 1998) (noting former rule to TRAP 24.2(a)(3) "affords the trial court a measure of discretion");

*State ex rel. State Highway & Pub. Transp. Comm'n v. Schless*, 815 S.W.2d 373, 375–76 (Tex. App.—Austin 1991, orig. proceeding) (applying former rule to conclude that trial court had discretion to deny State's motion to supersede adverse judgment); *but see Cascos v. Cameron Cnty. Attorney*, 319 S.W.3d 205, 217 (Tex. App.—Corpus Christi 2010, no pet.) ("[B]ecause the case law is clear that a governmental entity, such as a County, has the absolute right to supersede a judgment of the trial court by merely filing a notice of appeal, and because this absolute right extends to governmental officials, we conclude that the trial court did not have discretion to deny supersedeas of the judgment against appellants.").

Thus, we deny the Board's petition for writ of mandamus and motion for temporary relief. *See* Tex. R. App. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (mandamus available for "clear failure by the trial court to analyze or apply the law correctly").

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field
  Concurring Opinion by Chief Justice Jones

Filed: July 3, 2013

2