# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00376-CV

### In re State Board for Educator Certification

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## CONCURRING OPINION

I join Justice Goodwin's opinion. I write separately to explore this important issue more deeply.

Since at least as far back as 1897, the State and its subdivisions have been exempt from filing a bond related to an appeal. *See* Act approved Mar. 20, 1897, 25th Leg., R.S., ch. 29, § 1, 1897 Tex. Gen. Laws 27, *reprinted in* 10 H.P.N. Gammel, *The Laws of Texas 1822-1897*, at 1081, 1081 (Austin, Gammel Book Co., 1898) (current statute found at Tex. Civ. Prac. & Rem. Code § 6.001(a), (b)).

Before 1984 the State's right to suspend a final judgment during appeal was close to absolute. *See Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 480-81 (Tex. 1964). That was because the law in effect before 1984 had only one prerequisite for suspending any final judgment: filing a supersedeas bond. *Id.* at 481. This single prerequisite applied not only to judgments for the recovery of money or property, but also to "other judgments." Since the State was exempt from

having to file a supersedeas bond, the filing of a notice of appeal was sufficient to automatically suspend any judgment. *Id.* From 1941, when the rules of civil procedure were adopted, until 1984, this law was embodied in Rule 364 of the Texas Rules of Civil Procedure.

In 1984, however, the "Other Judgments" section of Rule 364 (which in 1986 became Rule 47(f) of the newly adopted Texas Rules of Appellate Procedure ("TRAP") and in 1997 became TRAP rule 24.2(a)(3)) was amended to add the following language: "[T]he [trial] court may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit to be fixed by the court in such an amount as will secure the defendant in any loss or damage occasioned by any relief granted if it is determined on final disposition that such relief was improper." The Texas Supreme Court quickly held that this amendment "grants the trial court discretion whether or not to allow a supersedeas bond when the judgment does not involve money, property or foreclosure." *Hill v. Fourteenth Ct. of Appeals*, 695 S.W.2d 554, 555 (Tex. 1985). In *Hill*, the supreme court rejected the court of appeals' holding that the appellant was entitled to supersede an "other judgment" as a matter of right: "We are aware of those cases which hold that a judgment in an election contest may be superseded as a matter of right. These cases, however, were decided prior to the amendment to Rule 364(f), effective April 1, 1984." *Id.* (citations omitted). In another case, the supreme court specifically held that this discretion applied to permanent injunctions. *See Klein Indep. Sch. Dist. v. Fourteenth Ct. of Appeals*, 720 S.W.2d 87, 88 (Tex. 1986); *see also Kanan v. Plantation Homeowner's Ass'n*, No. 13-11-00282-CV, 2012 WL 593067, at *4 (Tex. App.—Corpus Christi Feb. 21, 2012, no pet.) (mem. op.) ("To the extent that the judgment is injunctive in nature, . . . the trial court had discretion to decline to permit the judgment to be

2

superseded because appellees posted security against loss or damage."); *Pena v. Zardenetta*, 714 S.W.2d 72, 73 (Tex. App.—San Antonio 1986, orig. proceeding); *see generally* Robert B. Gilbreath & Curtis L. Cukjati, *Superseding the "Other Judgment,"* 12 App. Advoc. 11 (Nov. 1998).

The appellants in *Hill* and *Klein* were not governmental entities, so those cases did not involve the interplay between the amended supersedeas rule and the statute exempting the State from filing a bond. In *In re Dallas Area Rapid Transit*, 967 S.W.2d 358 (Tex. 1998), however, the appellant, DART, was an exempt governmental entity. There, the supreme court again acknowledged that the amended supersedeas rule "affords the trial court a measure of discretion" regarding denial of supersedeas, although that discretion "does not extend to denying a party any appeal whatsoever." *Id.* at 359-60. The court went on to state:

> DART is exempt from posting security for supersedeas. Tex. Transp. Code § 452.054(b). Thus, the trial court had no discretion to require DART to post security to supersede the judgment. However, Rule 47 would have allowed the district court to determine whether the [appellee] could avoid supersedeas by posting security protecting DART from the loss or damage caused by an erroneous ruling. The [appellee] did not file, or offer to file, security as a judgment creditor under Rule 47. Whether it would be an abuse of discretion for a trial court to deny supersedeas to a governmental body in such a case upon the posting of a bond by the judgment creditor is not an issue before us.

*Id.* at 360. There are several important elements of this holding. First, the court strongly implied that, if it had been asked, the trial court could, under appropriate circumstances, have declined to allow DART to suspend the judgment. The court left open, however, the question of whether such a denial could be an abuse of discretion. In addition, the court made it clear that the burden was on the appellee to request that the trial court deny suspension of the judgment or offer to post a bond.

In the absence of such a request or offer, the governmental entity's notice of appeal effectively suspended the judgment. In other words, the supreme court held that although DART's notice of appeal had the effect of automatically superseding the judgment, the trial court had the discretion to "undo" the suspension upon the appellee's request and offer to post a bond. Since no such request or offer was made in that case, the automatic suspension remained in place.

In *In re Long*, 984 S.W.2d 623 (Tex. 1999), the supreme court again recognized the trial court's discretion to deny suspension of a final "other judgment" and again placed the burden on the appellee to request that the trial court deny suspension of the judgment or to offer to post a bond. In that case, the court first noted the appellant's exempt status:

> As a county official sued in his or her official capacity, a district clerk's notice of appeal operates as a supersedeas bond. As a general rule, a district clerk's appeal, when perfected, automatically supersedes the trial court's judgment, and that suspension remains in effect until all appellate rights are exhausted. These rules apply to a district clerk's appeal of injunctions.

*Id.* at 625 (citations omitted). As in *Dallas Area Rapid Transit*, however, the court in *Long* went on to emphasize that the appellee could have invoked the trial court's discretion to deny suspension of the judgment *but had not done so*:

> [The appellee] had possible mechanisms for seeking enforcement of the injunction before February 13, 1995 [the date the mandate had issued]. *[The appellee] could have sought denial of suspension of the injunction. See* former Tex. R. App. P. 47(f) (allowing trial court to decline to permit other judgments to be suspended) (currently Tex. R. App. P. 24.2(a)(3)); *City of Robstown v. Westergren*, 774 S.W.2d 739, 740–41 (Tex. App.—Corpus Christi 1989, no writ) (holding that district court has discretionary authority under former Rule 47(f) to deny a city suspension of an injunction pending appeal). *But cf. Public Util. Comm'n v. Coalition of Cities for Affordable Util. Rates*, 776 S.W.2d 221, 222 (Tex. App.—Austin 1989, no writ)

4

(holding that, when a state commission has the right under section 6.001 of the Texas Civil Practice and Remedies Code to supersede an order, the trial court cannot deny suspension of a temporary injunction under former Rule 43(a) (currently Tex. R. App. P. 29.1(b)) pending an interlocutory appeal)). . . . *But [the appellee did not seek denial of suspension], and the Clerk was not obligated to comply with the injunction until the appeals were final and mandate issued on February 13, 1995.*

*Id.* at 626 (emphases added); *see also State v. Schless*, 815 S.W.2d 373, 375-76 (Tex. App.—Austin 1991, orig. proceeding [leave denied]) ("The State responds that Rule 47(a) precludes the application of Rule 47 to the State. Rule 47(a) provides, 'Unless otherwise provided by law or these rules, a judgment debtor may suspend the execution of the judgment by filing a good and sufficient bond. . . .' The State argues that § 6.001 provides otherwise. Section 6.001 and Rule 47(a) exempt the State only from the requirement of filing a bond or posting other security to stay a judgment. We conclude that exemption from filing a bond does not preclude the application of Rule 47(f) in this instance."); *City of Robstown v. Westergren*, 774 S.W.2d 739, 740-41 (Tex. App.—Corpus Christi 1989, no writ) ("Here, relators would have been entitled to supersede the judgment without bond, if the trial court, in its discretion, had allowed the judgment to be superseded. The trial court did not allow supersedeas. Relator does not contend that the trial court abused a discretionary power but that the trial court did not have discretion to disallow supersedeas. Since we reject relator's contention, we hold that the Honorable Mike Westergren had the discretionary authority under Rule 47(f) to deny relator to supersede the injunction, and therefore, notice of appeal did not operate to automatically supersede the judgment.").

Other courts have, without expressly addressing whether the trial court could have discretion to deny or undo suspension, stated that the filing of the State's notice of appeal had the

5

effect of automatically superseding the final judgment appealed from. *See, e.g.*, *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 754 n.19 (Tex. 2005); *Enriquez v. Hooten*, 857 S.W.2d 153, 154-55 (Tex. App.—El Paso 1993, no writ); *cf. City of Fort Worth v. Johnson*, 71 S.W.3d 470, 471-73 (Tex. App.—Waco 2002, no pet.) (court first appears to hold that trial court had no discretion to deny State supersedeas bond but then alludes to possibility that court might have authority to "suspend the supersedeas"). I do not view those cases as contrary to *Dallas Area Rapid Transit* and *Long*, nor as inconsistent with the trial court's having discretion to deny (or "undo") suspension of the judgment, even when the appellant is a governmental entity.[1]

In its mandamus petition, the State relies heavily on TRAP rule 25.1(h) (formerly rule 25.1(g)), which states:

> (h) *Enforcement of Judgment Not Suspended by Appeal.* The filing of a notice of appeal does not suspend enforcement of the judgment. Enforcement of the judgment may proceed unless:

---

[1] In *In re Tarrant County*, 16 S.W.3d 914, 918 (Tex. App.—Fort Worth 2000, no pet.), the court held:

> A governmental entity, such as a county, has the right to supersede the judgment of a trial court rendered against it by merely filing a notice of appeal. . . . The right to supersede a judgment is one of absolute right and is not a matter within the trial court's discretion.

It is questionable whether the court's last sentence quoted above must be read to mean that a trial court can never have the discretion to deny supersedeas—witness the fact that one of the cases cited as support for the quoted statement was this Court's opinion in *Schless*, where we expressly held that, in appropriate circumstances, a trial court *does* have such discretion. To the extent, however, that the statement from *Tarrant County* can be read to rule out a trial court's discretion to deny or undo suspension of a final "other judgment" in all circumstances merely because the appellant is a governmental entity, I believe it is in error.

6

> (1) the judgment is superseded in accordance with Rule 24, or
>
> (2) the appellant is entitled to supersede the judgment without security by filing a notice of appeal.

Tex. R. App. P. 25.1(h). But that rule does no more than acknowledge what this Court and the Texas Supreme Court have already recognized: the filing of a notice of appeal by a governmental entity serves to automatically suspend or supersede a final judgment, including a judgment for other than money or property. But that automatic suspension has been held not to eviscerate a trial court's discretion under TRAP rule 24.2(a)(3) to "decline to permit the judgment to be superseded if the judgment creditor posts security." I see no compelling reason why Rule 25.1(h) should be construed to have the sweeping impact urged by the State.

The State also relies heavily on the case of *Cascos v. Cameron County Attorney*, 319 S.W.3d 205 (Tex. App.—Corpus Christi 2010, no pet.). I believe *Cascos* was wrongly analyzed and wrongly decided. As noted above, the Corpus Christi Court of Appeals had previously held in *Westergren* that the trial court "had the discretionary authority under Rule 47(f) to deny relator [, an exempt governmental entity,] to supersede the injunction, and therefore, notice of appeal did not operate to automatically supersede the judgment." 774 S.W.2d at 740. In *Cascos*, the same court questioned the continued viability of *Westergren* based primarily on its reading of the supreme court's opinion in *Long*: "The supreme court's holding in *In re Long* does not seem to comport with the holding in *Westergren* because the supreme court does not reference the trial court's purported discretion in denying supersedeas under Texas Rules of Appellate Procedure 24.2(a)(3) and (a)(5), even though those provisions were in effect at the time of the ruling." *Cascos*,

319 S.W.3d at 217. This analysis is clearly wrong, however, because, as noted above, the supreme court's opinion in *Long expressly referenced the trial court's discretion* under what is now TRAP rule 24.2(a)(3):

> Sweitzer [the judgment creditor] had possible mechanisms for seeking enforcement of the injunction . . . . Sweitzer could have sought denial of suspension of the injunction. *See* former Texas R. App. P. 47(f) (allowing trial court to decline to permit other judgments to be suspended) (currently Tex. R. App. P. 24.2(a)(3)); *City of Robstown v. Westergren*, 774 S.W.2d 739, 740-41 (Tex. App.—Corpus Christi, 1989, no writ) (holding that district court has discretionary authority under former Rule 47(f) to deny a city suspension of an injunction pending appeal).

*In re Long*, 984 S.W.2d at 626. Thus, not only did the supreme court in *Long* expressly reference the trial court's discretion to deny or undo supersedeas by an exempt governmental entity, the court's opinion *cited Westergren with approval*. The *Cascos* court obviously misread *Long*, which led to an incorrect result.

In sum, both the authoritative caselaw and the language of the relevant appellate rules supports the existence of some discretion in trial courts to deny or undo suspension of final "other judgments" in cases involving exempt governmental entities.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   July 3, 2013

8