**Abatement Order filed February 25, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00013-CV
_____

## IN RE VILLAGIO BUILDERS, LLC, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-46564**

---

## ABATEMENT ORDER

On January 7, 2014, relator Villagio Builders, LLC filed a petition for writ of mandamus. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator asks this Court to compel the Honorable Brent Gamble, presiding judge of the 270th District Court of Harris County, to vacate his order dated October 2, 2013, entered in trial court cause number 2011-46564, styled *Villagio Builders, LLC v. Wade Riner and Tonya Riner*.

On January 7, 2014, relator also asked this Court to stay proceedings in the trial court pending a decision on the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(b), 52.10. On January 15, 2014, this Court granted relator's motion to stay the underlying proceedings. This Court also requested Wade Riner and Tonya Riner, the real parties in interest, to file a response to relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.4. The real parties in interest filed their response on January 31, 2014. Relator filed a reply on February 4, 2014.

In the trial court's October 2, 2013 order that is at issue in this original proceeding, the trial court stated: "The Court considered the appropriateness of available lesser sanctions, and the Court has determined that Villagio's conduct justifies the striking of its pleadings." Upon consideration of the documents submitted in this original proceeding, this Court has determined that additional information is needed from the trial court regarding the foregoing quoted language. *See Cire v. Cummings*, 134 S.W.3d 835, 842 (Tex. 2004); *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) (orig. proceeding).

Accordingly, we order this original proceeding abated and remanded to the trial court, so that the trial court may specify its reasons for concluding that lesser sanctions would be inadequate in this circumstance. *See In re Bass*, No. 11-0245, 2012 WL 259328, *1 (Tex. Jan 27, 2012) (per curiam) (orig. proceeding) (abating mandamus proceeding and remanding to the trial court with instructions). A supplemental order of the trial court shall be filed with the Clerk of this Court on or before **March 24, 2014**.[1] This Court's January 15, 2014 order staying all

---

[1] The Supreme Court's instructions in *Bass* were for the trial court to prepare findings of fact and conclusions of law. Here, findings and conclusions are not required; the trial court is instructed to provide a supplemental order explaining its determination consistent with applicable precedent.

2

proceedings in trial court cause number 2011-46564, *Villagio Builders, LLC v. Wade Riner and Tonya Riner*, is lifted in part for the limited purpose of allowing the trial court to comply with this order.

Without expressing any opinion on the merits of relator's petition, we abate this proceeding, treat it as a closed case, and remove it from the Court's active docket. This original proceeding will be reinstated on this Court's active docket when the supplemental order of the trial court is filed in this Court. This Court also will consider an appropriate motion filed by either party to reinstate or dismiss this original proceeding, or to allow additional briefing, as appropriate.

It is so ORDERED.


PER CURIAM

Panel consists of Justices Boyce, Christopher, and Brown.

3