# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00753-CV

**Susan Combs, in her official capacity as Texas Comptroller, and Greg Abbott, in his official capacity as Texas Attorney General, Appellants**

**v.**

**Texas Small Tobacco Coalition and Global Tobacco, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-13-002414, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## DISSENTING OPINION

The majority holds that the trial court did not have jurisdiction to consider appellees' request for a hardship exemption because appellees did not timely file their request during the trial court's plenary jurisdiction. Although I do not quarrel with this conclusion relative to appellees' request for relief under section 112.108 of the Tax Code, I believe appellees also sought alternative relief from the trial court under Rule 24 of the Texas Rules of Appellate Procedure, which conferred jurisdiction on the trial court. Therefore, I respectfully dissent.

A trial court may grant relief under Rule 24, which relates to the suspension of the effect of a judgment pending appeal, even after its plenary power expires. Tex. R. App. P. 24.3(a). Once a party invokes Rule 24, as appellees did, the trial court has jurisdiction to resolve the requested relief, regardless of the merits of the request. *See id.* (giving trial court continuing jurisdiction to order or modify security pending appeal). That is true even if the State is the party

that has superseded the judgment.  *See In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 359-60 (Tex. 1998); *In re State Bd. of Educator Certification*, 411 S.W.3d 576, 576-77 (Tex. App.–Austin 2013, orig. proceeding).

I would hold that the trial court had jurisdiction to consider the merits of appellees' requested relief under Rule 24, and therefore I respectfully dissent.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   April 25, 2014

2