**Motion Denied, Stay Lifted, and Order filed April 14, 2020**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-01022-CV
_____

### NEWSTREAM HOTEL PARTNER-IAH, LLC, Appellant

### V.

### UC RED LION HOUSTON HOLDER, LLC AS SUCCESSOR IN INTEREST TO UC FUNDING, LLC, Appellee

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2019-71008**

## ORDER

This is an appeal from a judgment dismissing the lawsuit filed by plaintiff Newstream Hotel Partner-IAH, LLC ("Newstream") under a forum selection clause. Following the dismissal, Newstream filed an emergency motion in the trial court to set a supersedeas bond and to stay the final judgment. Defendant/appellee UC Red Lion Houston Holder, LLC ("Red Lion") filed an opposition to the motion. The trial court denied the motion in its entirety.

On January 6, 2020, Newstream filed its "Emergency Motion to Review Denial of Supersedeas and for Temporary Order Staying Foreclosure Pending Appeal." Red Lion filed an opposition the same day. We issued an order later that day granting the motion in part and staying the foreclosure sale referred to in the motion. We did not review the trial court's supersedeas ruling at that time.

On January 23, 2020, we abated the appeal for 60 days and referred the parties to mediation. Due to events occurring during the abatement, Red Lion moved to dismiss the appeal as moot, and Newstream moved to continue the abatement period. On April 9, 2020, we denied both motions and reinstated the appeal.

We now turn to Newstream's motion for review of the trial court's supersedeas ruling. Tex. R. App. P. 24.4(a). We review the trial court's supersedeas ruling for an abuse of discretion. *Abdullatif v. Choudhri*, 536 S.W.3d 48, 51 (Tex. App.—Houston [14th Dist.] 2017, op. on motion), *disp. on merits*, 561 S.W.3d 590 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). To the extent the ruling turns on a question of law, our review is de novo. *Id.*

Texas Rule of Appellate Procedure 24 addresses suspension of enforcement of a judgment pending appeal in civil cases. Under Rule 24.1, "[u]nless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by" filing an agreement with the judgment creditor for suspending enforcement of the judgment, posting a bond, making a deposit in lieu of a bond, or providing alternate security as ordered by the court. Tex. R. App. P. 24.1(a). The amount of security required depends on the type of judgment. *See* Tex. R. App. P. 24.2(a). Rule 24 applies to five types of judgments: (1) for recovery of money, (2) for recovery of property, (3) for "something other than money or an interest in property," (4) involving conservatorship or custody, and (5) in favor of a governmental entity. *See* Tex. R. App. P. 24.2(a)(1)–(5).

2

The judgment here is a dismissal without prejudice. Newstream is not a judgment debtor because there is no debt to be paid. Enforcement of the judgment may not be suspended because there is nothing to enforce. *See State By & Through State Highway & Pub. Transp. Comm'n of Texas v. Schless*, 815 S.W.2d 373, 375 (Tex. App.—Austin 1991, orig. proceeding) (per curiam) (trial court did not err in refusing to set supersedeas for judgment of dismissal); *cf. Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 737–38 (Tex. App.—Houston [14th Dist.] 2014) (trial court did not err in declining to set supersedeas for take-nothing summary judgment; "[t]he judgment is not for the recovery of money or property, nor is there any other apparent interest of the judgment creditor that needs protection pending appeal."). We conclude the trial court did not err in denying Newstream's motion to set supersedeas.

We DENY Newstream's motion challenging the trial court's supersedeas ruling and LIFT the stay issued in our January 6, 2020 order. Appellant's brief is currently due May 11, 2020.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.