# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00025-CV

**The Texas Education Agency; Mike Morath, Commissioner of Education in his Official Capacity; and Doris Delaney, in her Official Capacity, Appellants**

**v.**

**Houston Independent School District, Appellee**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003695, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellants, the Texas Education Agency (TEA or Agency); Mike Morath, Commissioner of Education in his official capacity; and Doris Delaney, in her official capacity, have appealed from the trial court's January 8, 2019 order granting appellee Houston Independent School District's motion for a temporary injunction and implicitly denying appellants' plea to the jurisdiction. In its order, the trial court enjoined the Commissioner from appointing a board of managers to oversee the District's operations and from imposing any sanctions or interventions on the District based on the TEA's Special Accreditation Investigation. It also enjoined Delaney, whom the Commissioner had appointed as a conservator to the District in 2016, "from acting outside her lawful authority to ensure and oversee district-level support to low-performing campuses and the implementation of the updated targeted improvement plan on those campuses."

The trial court further denied the Commissioner the right to supersede the temporary injunction while appellants' interlocutory appeal is pending. The trial court found that the $200 previously deposited by the District with the Travis County District Clerk "constitutes sufficient security, in lieu of bond, for any foreseeable harm or compensable damages" that may result from the granting of the temporary injunction. *See* Tex. R. App. P. 24.2(a)(3). Appellants have filed a Rule 24.4 motion challenging the trial court's decision to allow the District to file a counter-supersedeas bond. *See id.* R. 24.4 (allowing party to seek review of trial court's ruling on amount and type of security). In response, in addition to opposing appellants' Rule 24.4 motion, the District has moved this Court to grant temporary orders under Rule 29.3 requiring the appellants to abide by the trial court's temporary injunction for the duration of the interlocutory appeal. *See id.* R. 29.3. For the reasons discussed below, we will grant both motions.

## LEGAL FRAMEWORK

Unless the law or the Texas Rules of Appellate Procedure provide otherwise, a judgment debtor is entitled to supersede a judgment or an interlocutory order and thus defer its enforcement while pursuing an appeal. *See* Tex. R. App. P. 24.1; *id.* R. 29.1(b); *id.* R. 29.2; *see also Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *See, e.g.*, *Smith v. Texas Farmers Ins.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied). In the context of injunctions, however, status quo means "the last, actual, peaceable, non-contested status which preceded the pending controversy." *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576-77 (Tex. App.—Austin 2000, no pet.) (quoting *Transport Co. v. Robertson Transports, Inc.*, 261 S.W.2d 549, 553-54 (Tex. 1953)).

2

We review a trial court's ruling on supersedeas for an abuse of discretion. *See* Tex. R. App. P. 29.2 (establishing standard of review for trial court's refusal to permit appellant to supersede interlocutory order); *see also id.* R. 24.4(a). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). But it has no discretion when determining what the law is or applying the law to facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Rule 24.2(a)(3) governs the supersedeas issue in this interlocutory appeal because the temporary injunction is an order "for something other than money or an interest in property." *See* Tex. R. App. P. 24.2(a)(3); *id.* R. 29.2 (establishing that trial court may permit interlocutory order to be superseded pending appeal in accordance with Rule 24); *see also id.* R. 29.1(b) (establishing that if appellant is entitled to supersede order without security by filing notice of appeal, perfecting appeal from interlocutory order suspends challenged order). Rule 24.2(a)(3) establishes that the trial court must set the amount and type of security that the "judgment debtor" (here, the appellants) must post in an amount that will adequately protect the "judgment creditor" (here, the District) against loss or damage that the appeal might cause.[1] However, in this case, the trial court applied another part of Rule 24.2(a)(3) that allows the court to decline to permit the judgment to be superseded if the District (as judgment creditor) posts security in an amount and type ordered by the court to secure appellants "against any loss or damage caused by the relief granted," i.e., the temporary injunction, if an appellate court determines, on final

---

[1]  In this case, the appellants are the "judgment debtors" because they must abide by the injunction, while the District is the "judgment creditor" because it obtained the relief it sought from the trial court, and unless the order is superseded, the District will be entitled to enforce the injunction.

disposition, that the temporary injunction was improper. *See id.* R. 24.2(a)(3). This discretionary security to prevent supersedeas is often referred to as "counter-supersedeas" security.

## ANALYSIS

The TEA and the Commissioner (referred to collectively as "the Commissioner," unless there is a need to refer to the movants separately) have moved to vacate the trial court's counter-supersedeas order.[2] *See* Tex. R. App. P. 24.4(a); *see also id.* R. 29.2. The Commissioner argues that the trial court abused its discretion by allowing the District to post counter-supersedeas security because a provision that was added to Rule 24.2(a)(3) in 2018 establishes that the trial court *must* permit the State, a department of the State, or the head of a department of the State, to supersede a judgment, except in a matter arising from a contested case in an administrative enforcement action. In response, the District contends (1) that this lawsuit arises from a contested case in an administrative enforcement action and (2) that the provision relied upon by the Commissioner violates the Texas Constitution's separation-of-powers clause, *see* Tex. Const. art. II, § 1. In the alternative, it requests that this Court order that the trial court's temporary injunction remain in effect during the pendency of the appeal, pursuant to our power under Rule 29.3 to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." *See id.* R. 29.3.

---

[2] We note that the trial court only enjoined the Commissioner and Delaney from future action, not the TEA by name. However, in addition to enjoining the Commissioner, the order enjoins "his agents, servants, representatives, employees, designees, and officials acting in concert with him," which effectively includes everyone who works for the TEA. In addition, the trial court's counter-supersedeas order only denies the Commissioner the right to supersede the temporary injunction on appeal. The appellants argue that Delaney is entitled to supersede the order without security because she is an agent of the TEA and was sued in her official capacity. We need not reach the issue of whether Delaney is entitled to supersede the order without security because the

4

Before addressing the parties' arguments regarding the application of Rule 24.2(a)(3) and Rule 29.3 in this case, we provide some historical context for the evolution of Rule 24.2(a)(3). The State and its departments have been exempt from filing a bond to appeal an adverse judgment since 1838. *In re State Bd. for Educator Certification*, 452 S.W.3d 802, 804 (Tex. 2014) (orig. proceeding); *see also* Tex. Civ. Prac. & Rem. Code § 6.001 (exempting certain governmental entities from bond requirement). Until 1984, "the State's right to suspend a final judgment during appeal was close to absolute" because until then the only prerequisite for suspending any final judgment (including judgments other than judgments for recovery of money or property) was filing a supersedeas bond. *In re State Bd. for Educator Certification*, 411 S.W.3d 576, 577 (Tex. App.—Austin 2013, orig. proceeding) (Jones, C.J., concurring). Because the State was exempt from the requirement of filing a supersedeas bond, the State's filing of a notice of appeal would automatically suspend any judgment. *Id.*

In 1984, the applicable rule, which later became Rule 24.2(a)(3), was amended to allow the trial court discretion to decide whether to allow a supersedeas bond when the judgment does not involve money, property, or foreclosure. *Id.* Between 1984 and 2014, the question of whether a trial court had discretion to deny supersedeas to a State entity entitled to automatic supersedeas remained unsettled. *See id.* at 577-79 (concluding that existing caselaw and language of appellate rules supported existence of some trial-court discretion to deny or undo suspension of final "other judgements" in cases involving exempt governmental entities). The Texas Supreme Court subsequently resolved this question by holding that Rule 24.2(a)(3) gave trial courts discretion to deny State appellants the right to supersede a non-money, non-property judgment if

---

counter-supersedeas order does not apply to her and because of our decision to grant a Rule 29.3 temporary order. *See* Tex. R. App. P. 47.1.

the appellee posts sufficient counter-supersedeas security. *See In re State Bd. for Educator Certification*, 452 S.W.3d at 803, 808-09 (expressing concern that "the State's position—boundless entitlement to supersede adverse non-money judgments—would vest unchecked power in the executive branch, at considerable expense to the judicial branch, not to mention the wider public we both serve").

In 2017, the 85th Texas Legislature passed House Bill 2776, directing the Texas Supreme Court as follows:

> The supreme court shall adopt rules to provide that the right of an appellant under Section 6.001(b)(1), (2), or (3), Civil Practice and Remedies Code, to supersede a judgment or order on appeal is not subject to being counter-superseded under Rule 24.2(a)(3), Texas Rules of Appellate Procedure, or any other rule. Counter-supersedeas shall remain available to parties in a lawsuit concerning a matter that was the basis of a contested case in an administrative enforcement action.

Tex. Gov't Code § 22.004(i). The Texas Supreme Court subsequently amended Rule 24.2(a)(3) to add the provision at issue here: "When the judgment debtor is the state, a department of this state, or the head of a department of this state, the trial court *must* permit a judgment to be superseded except in a matter arising from a contested case in an administrative enforcement action." Tex. R. App. P. 24.2(a)(3) (emphasis added).

**The meaning of "a contested case in an administrative enforcement action"**

We first address the District's argument that this lawsuit arises from a contested case in an administrative enforcement action. The Administrative Procedure Act (APA or Act), which governs practice and procedure for state agencies, defines a "contested case" as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative

6

hearing." Tex. Gov't Code § 2001.003. The District argues that the Legislature intended to narrowly limit this definition to its use of that term in Chapter 2001 and that this lawsuit arises from a contested case because the Commissioner will determine the District's rights, duties, or privileges after an opportunity for adjudicative hearing. Although it is true that the Act defines "contested case" for purposes of "this chapter," "contested case" is also a term of art commonly used to refer to these types of administrative proceedings. When construing statutes, we presume that the Legislature acts "with complete knowledge of the existing law and with reference to it." *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Here, when the Legislature referred to a "contested case in an administrative enforcement action," it necessarily meant the types of proceedings that are governed by the APA—the Act's purpose is to provide standards of uniform practice and procedure for state agencies. *See* Tex. Gov't Code § 2001.001(1).

This matter does not arise from a contested case in an administrative enforcement action. While the Education Code provides a right to an adjudicative hearing before the State Office of Administrative Hearings (SOAH) for some types of decisions not applicable here, there is no right to a SOAH hearing to challenge the Commissioner's determination to lower the District's accreditation status and to appoint a board of managers. Instead, under the TEA's rules, the District has a right to a "formal review" of the Commissioner's decisions to assign an accreditation status of Accredited-Warned and to assign a board of managers under Chapter 39 of the Texas Education Code. *See* 19 Tex. Admin. Code § 157.1131 (2020) (TEA, Applicability); *see also id.* § 157.1137 (2020) (TEA, Other Law) (establishing that APA and Texas Education Code § 7.057 do not apply to formal review). The Agency's rules specifically provide that formal review "is an executive function conducted by the TEA staff" and "is not a contested case hearing." *Id.* § 157.1135 (2020) (TEA, Formal Review). In this case, the District requested

7

formal review of the Commissioner's decision, but it obtained a temporary restraining order before the scheduled formal review occurred, so the Commissioner has not yet issued a final decision. *See id.* § 157.1136 (2020) (TEA, Final Order & Appeal) (establishing that final order will be issued following formal review and that final order issued following formal review is final and may not be appealed). This is not a suit for judicial review under the APA after a final decision in a contested case. *See* Tex. Gov't Code § 2001.171 (providing for judicial review after final decision in contested case). Thus, the portion of Rule 24.2(a)(3) allowing counter-supersedeas relief to remain available to parties in a lawsuit involving a matter that was the basis for a contested-case hearing does not apply here.

**The interaction of Rule 24.2(a)(3) and Rule 29.3**

The District also argues that Rule 24.2(a)(3) is unconstitutional because it violates the Texas Constitution's separation-of-powers clause. *See* Tex. Const. art. II, § 1. The District asserts that by allowing the State to supersede any adverse non-money judgment (other than one arising from a contested case), the Legislature in effect has authorized the Commissioner to engage in unlawful conduct, despite the trial court's conclusions that the District has shown a probable right to recovery on its ultra vires claims and that the Commissioner's conduct will cause irreparable harm to the District. In the alternative, the District contends that the broad authority granted to courts of appeals by Rule 29.3 allows us to prevent irreparable harm to it by ordering that the trial court's temporary injunction remain in place for the duration of its appeal. In response, the Commissioner argues that Rule 24.2(a)(3) is constitutionally sound because the Legislature has the power to limit judicial review of executive actions and to determine when and how supersedeas should be allowed. The Commissioner also asserts that Rule 29.3 does not

8

authorize this Court to act contrary to a statute. While the Commissioner correctly states these general legal principles, the application of these principles in conjunction with our inherent power to preserve parties' rights until disposition of the appeal presents a constitutional problem.

The Texas Supreme Court recently considered the scope of an appellate court's power over parties properly before it pursuant to its appellate jurisdiction and touched on this potential problem in its opinion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 89-90 (Tex. 2019). In *Geomet*, the court considered whether Rule 29 allowed an appellate court to lift the statutory automatic stay of trial-court proceedings during the pendency of an interlocutory appeal of the trial court's order denying a motion to dismiss filed under the Texas Citizens Participation Act (TCPA). *Id.* at 85, 87-88; *see also* Tex. Civ. Prac. & Rem. Code §§ 27.003 (governing TCPA motions to dismiss), 51.014(b) (staying trial-court proceedings pending resolution of certain interlocutory appeals). The underlying case involved claims for trade-secret misappropriation, and the real party in interest EMR had obtained a temporary restraining order directing relator Geomet not to use EMR's trade secrets and confidential information. *In re Geomet*, 578 S.W.3d at 85. At the time the trial court ruled on Geomet's TCPA motion to dismiss, EMR had two motions pending: a motion for contempt (alleging that Geomet was violating the temporary restraining order) and a motion for a temporary injunction. *Id.* at 85-86. After Geomet took its interlocutory appeal triggering an automatic stay of all other proceedings in the trial court, *see* Tex. Civ. Prac. & Rem. Code § 51.014(b), EMR filed a motion in the court of appeals, requesting under Rule 29 that the stay be lifted so that its request for a temporary injunction and its motion for contempt could be heard. *Id.* at 86. The court of appeals issued an order lifting the statutory stay for this limited purpose, and Geomet challenged the appellate court's order by mandamus petition to the supreme court. *Id.*

9

After analyzing the text of Section 51.014, the supreme court concluded that because the statutory text did not authorize the court of appeals to lift the stay even for a limited purpose, any authority for the court of appeals to lift the stay must come from outside the statute. *Id.* at 87. The supreme court considered whether Rule 29.3's grant of authority to issue "any temporary orders necessary to preserve the parties' rights" during interlocutory appeals included the authority to lift the stay. *Id.* at 87-88. The court determined that Rule 29.3 did not authorize the court of appeals to act contrary to the statute. *Id.* at 88 ("[W]hen a rule of procedure conflicts with a statute, the statute prevails . . . ." (quoting *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000)). Similarly in this case, the Commissioner argues that the Legislature has established a statutory right to supersedeas and that we cannot invoke Rule 29.3 to deny this statutory right. *See* Tex. Gov't Code § 22.004(i) (requiring Texas Supreme Court to adopt rules providing that State defendants' right "to supersede a judgment or order on appeal is not subject to being counter-superseded under Rule 24.2(a)(3), Texas Rules of Appellate Procedure, or *any other rule*" (emphasis added)).

However, in *Geomet*, the supreme court also considered whether the appellate court's inherent constitutional authority authorized it to lift the stay order, analyzing whether a statute that renders the courts powerless to preserve the status quo between the parties impermissibly intrudes on the judicial power vested exclusively in the courts, *see* Tex. Const. art. V, § 1, and violates the separation of powers, *see id.* art. II, § 1. *In re Geomet*, 578 S.W.3d at 89. The supreme court concluded that "[i]f EMR actually had no recourse for preservation of its rights during an interlocutory appeal, we would need to address its argument that such an arrangement raises serious constitutional questions." *Id.*

The supreme court did not reach the constitutional question because it determined that EMR should have asked the court of appeals to use Rule 29.3 to protect it from irreparable harm, rather than to lift the statutory stay so that it could seek relief from the trial court. *Id.* In contrast, the Rule 29.3 relief sought by the District here is an order that the trial court's temporary injunction remain in place. By its very nature, a request for injunctive relief involves a party's assertion that if the opposing party's actions are not enjoined, it will suffer irreparable harm. In this particular case, the trial court has concluded that the District made a sufficient showing to establish a probable right to recovery on its ultra vires claims. It further concluded that the District made a sufficient showing that the alleged ultra vires conduct would cause irreparable harm because once the Commissioner performs a final administrative act, even if it is ultra vires, it would not be reviewable by an appellate court, citing *Morath v. Progreso Independent School District*, No. 03-16-00254-CV, 2017 WL 6273192 (Tex. App.—Austin Dec. 7, 2017, pet. denied) (mem. op.).

While we make no comment on the merits of the District's claims, under the circumstances presented in this case, we conclude that the Legislature's statutory directive in Government Code Section 22.004(i) cannot prevent us from exercising our inherent authority, as embodied in Rule 29.3, "to make any temporary orders necessary to preserve the parties' rights until the disposition of the appeal." Tex. R. App. P. 29.3. Courts' inherent judicial power is not derived from legislative grant or a specific constitutional provision, "but from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). Our inherent powers are those powers that a court "may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Id.*

Inherent power "springs from the doctrine of separation of powers between the three governmental branches" and "exists to enable our courts to effectively perform their judicial functions and to protect their dignity, independence and integrity." *Id.* at 399 (citing Tex. Const. art. II, § 1).

Absent an appellate court's inherent power to make temporary orders to preserve the parties' rights until disposition of the appeal, the application of Rule 24.2(a)(3) would prevent a party from ever meaningfully challenging acts by the executive branch that the party alleges to be both unlawful and reviewable by courts and that it further alleges will cause it irreparable harm. *See In re Geomet*, 578 S.W.3d at 89 (noting that a situation in which a party "actually had no recourse for the preservation of its rights during an interlocutory appeal" could raise "serious constitutional questions"). While we agree that the Legislature generally has the power to limit judicial review of executive actions, making those actions final, *see Morath v. Sterling City Indep. Sch. Dist.*, 499 S.W.3d 407, 412-13 (Tex. 2016), in this case, the Commissioner has acknowledged that the Commissioner's decision is not yet final and that the District sued to prevent a final decision. Rule 29.3 gives us "great flexibility in preserving the status quo based on the unique facts and circumstances presented." *In re Geomet*, 578 S.W.3d at 89. Rule 29.3 provides a mechanism by which we may exercise the scope of our authority over parties, including our inherent power to prevent irreparable harm to parties properly before us pursuant to our appellate jurisdiction in an interlocutory appeal. *See id.* at 90 ("We find no reason to doubt that the court of appeals had the authority to make orders protecting EMR against irreparable harm using Rule 29.3."). While we acknowledge the general limit on our authority to issue temporary orders under Rule 29.3 "that are consistent with the law," *see id.* at 88, in this situation, by granting relief under Rule 29.3, we are exercising our inherent authority,

12

not violating the Legislature's statutory directive to the supreme court to adopt procedural rules providing that the State's right to supersede a judgment is not subject to counter-supersedeas under Rule 24.2(a)(3) or any other rule. We are not allowing the trial court to counter-supersede the temporary injunction; we are exercising our power to issue temporary orders.

We do not conclude that either Government Code Section 22.004(i) or Rule 24.2(a)(3) are unconstitutional. Instead, we conclude that under the particular circumstances presented here, where the appellee alleges irreparable harm from ultra vires action that it seeks to preclude from becoming final, to effectively perform our judicial function and to preserve the separation of powers, we must exercise our inherent authority and use Rule 29.3 to make orders "to prevent irreparable harm to parties that have properly invoked [our] jurisdiction in an interlocutory appeal." *In re Geomet*, 578 S.W.3d at 90.

Accordingly, we grant the Commissioner's Rule 24.4 motion because we conclude that the trial court has no discretion under Rule 24.2(a)(3) and must allow the State to supersede a judgment except in a matter arising from a contested case in an administrative enforcement action. We vacate that portion of the trial court's January 8, 2020 order that denied the Commissioner the right to supersede the temporary injunction. However, we also grant the District's motion for temporary orders under Rule 29.3. We order that the trial court's temporary injunction remains in effect to preserve the parties' rights until the disposition of this appeal.

It is so ordered on April 24, 2020.


Before Chief Justice Rose, Justices Baker and Triana